UNITED STATES, Appellee

v

ROBERT J. HOLLINS, Specialist Four, U. S. Army, Appellant

17 USCMA 542, 38 CMR 340

*Captain Frederick L. Haag* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent, Major Jack G. McKay,* and *Captain John Wall Hanft.*

*Captain Gibson L. Smith, Jr.,* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel David Rarick, Major John F. Webb, Jr.,* and *Major Edwin P. Wasinger.*

## Opinion of the Court

QUINN, Chief Judge:

Before a general court-martial in Okinawa, the accused pleaded guilty to unpremeditated murder of a civilian, in violation of Article 118, Uniform Code of Military Justice, 10 USC § 918. He was sentenced to a dishonorable discharge, confinement at hard labor for twenty years and accessory penalties. Pursuant to a pretrial agreement with the accused, the convening authority reduced the period of confinement to fifteen years. A board of review further reduced the confinement to eight years. On this appeal, the accused contends he was misinformed by the law officer when advised that voluntary intoxication is not a defense to the charge, and that his plea of guilty should not have been accepted at trial because the evidence indicated he did not possess the requisite intent when he committed the act resulting in the charge.

Prior to accepting the plea of guilty, the law officer held an out-of-court hearing to inquire into the accused's understanding of the meaning and effect of the plea; his knowledge of the evidence against him and the voluntariness of the proposed plea; and his understanding of the maximum punishment to which he was subject on conviction. When it became apparent that the accused had been drinking and was, to some extent, under the influence of liquor at the time of the offense, the law officer informed him that voluntary intoxication was "not a defense to unpremeditated murder and would not reduce unpremeditated murder to a lesser degree of homicide," although it might be considered by the court-martial "in fixing a sentence." Appellate defense counsel contend this advice was wrong in that voluntary intoxication can negate the existence of the kind of intent required for the offense charged. We considered a similar contention in United States v Ferguson, 17 USCMA 441, 38 CMR 239. Adhering to a long line of cases, we held that, standing alone, evidence of intoxication will not reduce unpremeditated murder to manslaughter. The law officer's advice, therefore, was correct and there is no merit in this assignment of error.

The attack upon the validity of the plea of guilty is based upon two inconsistent statements made by the accused at trial. In unsworn testimony during sentence procedure, he maintained that he recalled the "incident" which led to the charge. Asked by defense counsel whether he had intended to kill the man he stabbed, he answered: "No, sir." However, in the earlier out-of-court hearing he had been asked whether he intended to "hurt this man in some way or another with that knife," and he replied: "Sir, I can't remember what my intent was; I was drunk at the time." Disregarding the inconsistency, and assuming the accused's representations negate the intent to kill, they do not negate the possession of an intent required for conviction of unpremeditated murder.

Under Article 45, Code, supra, 10

USC § 845, if the accused "sets up matter inconsistent" with a plea of guilty, the plea should be set aside and a plea of not guilty "entered in the record, and the court shall proceed as though he had pleaded not guilty." To be inconsistent with a plea of guilty within the meaning of the Article, the matter "must *negative* accused's guilt." United States v Thompson, 13 USCMA 395, 397, 32 CMR 395. See also United States v Drake, 15 USCMA 375, 35 CMR 347. Unpremeditated murder under Article 118 requires either an intent to kill, or an intent to inflict great bodily harm. United States v Mathis, 17 USCMA 205, 38 CMR 3. Rather than negating the latter intent, the record of trial compellingly demonstrates the accused possessed at least that intent when he stabbed the victim.

Although he denied the ability to recall some of the details of the homicide because of his intoxication, the accused admitted he remembered stabbing the victim, and that the knife went so far into the victim's body that he "felt part of . . . [his] fist in . . . [the victim's] side." He also admitted to the law officer that the victim had done nothing to "hurt" him and was standing with his back or side to the accused when stabbed. He acknowledged he could "imagine" that his act would "involve serious injury" to the victim. In addition, the law officer was assured by appointed defense counsel and individual military defense counsel that they had concluded, after review of all the available evidence and conferences with the accused, that there was no basis for a "defense on the merits." They and the accused also consented to a stipulation of facts, which included a statement by the accused to a drinking companion, shortly after the stabbing, that he had " 'just stuck six inches of steel right into a Ryukyuan' " and had " 'put it in up to the fist.' " Not long after that statement, the accused demonstrated to another soldier how he had used the knife; at that time he said he had " 'got me one of those Ryukyuans right in the side all the way up to the handle.' " Both defense counsel conceded that the testimony available to the Government would enable it to prove "every element" of the offense charged "by legal and competent evidence beyond reasonable doubt." The accused assured the law officer that, "from talking with" his counsel and from the discussion in the out-of-court hearing, he believed he was "actually . . . guilty of the charge." Noting his "reluctance" to accept a guilty plea "in a murder case," the law officer finally indicated that the evidence of guilt was "overwhelming," and in order not to "do an injustice to the accused" by not accepting his plea, he allowed the plea of guilty to be entered.

We agree with the law officer's assessment of the evidence in the out-of-court hearing. It is also apparent that the accused's in-court representations and the stipulation of facts do not negate the intent to inflict great bodily harm. See United States v Evans, 17 USCMA 238, 38 CMR 36; cf. United States v Heagy, 17 USCMA 492, 38 CMR 290. There is, therefore, no merit in the present challenge to the validity of the plea of guilty.

The decision of the board of review is affirmed.

Judges FERGUSON and KILDAY concur.