UNITED STATES, Appellee

v

JOSEPH M. BUTLER, Private First Class,
U. S. Army, Appellant

20 USCMA 247, 43 CMR 87

No. 22,996

January 8, 1971

*Captain Stewart Pettet Davis* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent, Captain Howard L. Kaplus,* and *Captain Raymond A. DiLuglio.*

*Captain Thomas W. Phillips* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Captain William R. Steinmetz,* and *Captain Benjamin G. Porter.*

Opinion of the Court

QUINN, Chief Judge:

Electing trial before a military judge, the accused pleaded guilty to a charge of assault with intent to commit murder, in violation of Article 134, Uniform Code of Military Justice, 10

USC § 934. On review, the United States Army Court of Military Review affirmed only findings of guilty of assault with intent to commit voluntary manslaughter and reduced the sentence to include a dishonorable discharge and confinement for eighteen months. In this Court, the accused contends that his plea of guilty should not have been accepted by the judge because it was not predicated upon "a recognition of his own guilt."

During the inquiry into the accused's understanding of the elements of the offense charged, he acknowledged that he became "involved" in a fight with Private Carl Carter. Carter "pushed . . . [him] back," and a "couple of blows" were "thrown." The accused maintained that from then on he had "no recollection" of what transpired until he found himself "walking down the road." Later, he learned from others that he had been pulled away from Carter, had left the area to get an M-16 rifle, and had then returned and tried to shoot Private James C. Bostic. The accused insisted that he did not "remember" what he had done, but he was "convinced" he had committed the offense attributed to him. Additionally, defense counsel informed the judge that the accused had been psychiatrically evaluated and was found to be free of any condition that could affect his sanity. A stipulation of facts indicated, as the judge noted, nothing "inconsistent or contrary to the guilty plea." The accused assured the judge that, despite his inability to recall the assault, he wanted to plead guilty. The judge found affirmatively that the plea of guilty was "voluntarily made . . . with full understanding . . . as to its meaning and effect" and that the accused consciously and knowingly waived his right against self-incrimination, his right to confront the witnesses against him, and his right to trial by a court-martial composed of court members; he accepted the plea of guilty.

A plea of guilty that is inconsistent with the acknowledged facts should not be accepted. See United States v Welker, 8 USCMA 647, 25 CMR 151

(1958); United States v Care, 18 USCMA 535, 40 CMR 247 (1969). The accused's inability to recall that he engaged in conduct constituting the offense does not, by itself, negate the existence of any essential element of the offense. See United States v Olvera, 4 USCMA 134, 15 CMR 134 (1954); United States v Walker, 20 USCMA 241, 43 CMR 81 (1970). Even a personal belief by an unremembering accused, that he did not commit the offense, does not preclude him from entering a plea of guilty because he is convinced that the strength of the Government's case against him is such as to make assertion of his right to trial an empty gesture. North Carolina v Alford, decided by the Supreme Court of the United States on November 23, 1970, 39 U. S. Law Week 4001; United States v Hollins, 17 USCMA 542, 38 CMR 340 (1968); cf. United States v Holladay, 16 USCMA 373, 36 CMR 529 (1966).

Here, the accused was fully informed, and demonstrated his understanding, of his rights. He discussed the evidence with his counsel and with witnesses to the offense. Testimony at the Article 32 investigation indicated that he told Bostic he was going to kill him and that he twice pulled the trigger of his weapon, which was pointed at Bostic; fortunately, the weapon did not fire because the magazine had not been fully seated. These circumstances provide a compelling inference of an intent to kill. All the evidence available to the Government was known to, and considered by, the accused and his counsel. There is no hint of coercion or improper inducement in the decision to plead guilty. In such circumstances, the accused cannot "disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that the State . . . [might] have had a weaker case" than he originally anticipated. Brady v United States, 397 US 742, 757, 25 L Ed 2d 747, 90 S Ct 1463 (1970).

The decision of the United States

Army Court of Military Review is affirmed.

Judge DARDEN concurs.

Judge FERGUSON concurs in the result.