UNITED STATES, Appellee

v

HAROLD J. LUEBS, Jr., Specialist Four,
U. S. Army, Appellant

20 USCMA 475, 43 CMR 315

No. 23,485

April 9, 1971

*Lieutenant Colonel Charles W. Schiesser* argued the cause for Appellant, Accused. With him on the brief was *Colonel George J. McCartin, Jr.*

*Captain Leon J. Schachter* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Lieutenant Colonel Ronald M. Holdaway, Captain John C. Lenahan,* and *Captain Benjamin G. Porter.*

Opinion of the Court

DARDEN, Judge:

After negotiating a pretrial agreement, the appellant pleaded guilty to sodomy and assault with intent to commit rape. His sentence, imposed by a military judge, now consists of a dishonorable discharge, total forfeitures, reduction in grade, and two years' confinement at hard labor, the convening authority having reduced the confinement by one year. The question to be decided concerns the providence of Luebs's guilty plea.

In deciding this issue at the trial level, the military judge first considered a stipulation of fact introduced as a prosecution exhibit. Without giving the details of the exhibit we note that

it abundantly establishes the offenses of sodomy and assault with intent to commit rape.

The interrogation of the appellant concerning the plea began with inquires about his age, education, and experience. He stated that he could read, write, and understand English "enough to get me by." He acknowledged that he had understood and had signed his offer to plead guilty, with full awareness that such a plea waived important specified rights. The trial judge explained the elements of each offense and provided a definition of terms that he thought needed an explanation. Luebs responded that he understood the elements of the crimes charged and admitted that when the elements were considered together they "correctly describe" what he had done.

When asked if he recalled the events of the night when the offenses occurred, the appellant replied, "No, sir, I don't, but from what people have told me I know I did it." He attributed his lack of memory to excessive drinking, saying he had drunk at least "[a] fifth."

The appellant attempted to explain what happened, but apparently he relied on the stipulation of fact rather than his independent recollection. Nevertheless, he believed the stipulation was accurate. He stated he had looked at the written statements of witnesses, he understood that intoxication is a possible defense to the assault charge that requires a specific intent, and he had discussed the situation with trial defense counsel. Though he could not remember, he believed that he was guilty as charged because of the "evidence that they have against me here." He informed the military judge that he was satisfied with counsel and with the advice his counsel gave him, and that he was pleading guilty voluntarily. The military judge accepted the plea after the appellant persisted with it. We consider his acceptance to be correct. United States v Butler, 20 USCMA 247, 43 CMR 87 (1971).

In *Butler,* the guilty plea was to assault with intent to commit murder. The Army Court of Military Review affirmed only assault with intent to commit voluntary manslaughter. The accused in that case could not " 'remember' " what he had done but was nonetheless " 'convinced' " of his guilt. A stipulation of fact contained nothing inconsistent with his plea. Despite his lack of recall, Butler persisted in pleading guilty. In deciding against Butler the same issue the instant case presents, we agreed that while "[a] plea of guilty that is inconsistent with the acknowledged facts should not be accepted," a person's inability to remember misconduct constituting the offense charged "does not, by itself, negate the existence of any essential element of the offense." United States v Butler, supra, at page 248. The *Butler* opinion also noted that:

". . . Even a personal belief by an unremembering accused, that he did not commit the offense, does not preclude him from entering a plea of guilty because he is convinced that the strength of the Government's case against him is such as to make assertion of his right to trial an empty gesture. North Carolina v Alford, decided by the Supreme Court of the United States on November 23, 1970, 39 U. S. Law Week 4001; United States v Hollins, 17 USCMA 542, 38 CMR 340 (1968); cf. United States v Holladay, 16 USCMA 373, 36 CMR 529 (1966)." [20 USCMA, at page 248.]

As was true with Butler, this appellant was fully advised of his rights by the military judge. The appellant's responses acknowledge his understanding. The stipulation of fact contains nothing inconsistent with the plea, and Luebs was satisfied that it accurately presented pertinent facts. Statements that are part of the Article 32 investigation support such a conclusion. If it does not present information inconsistent with his plea, an appellant's statement is a factual basis for a guilty plea under United States v Care, 18 USCMA 535, 40 CMR

247 (1969), where, despite his inability to remember, he had assured himself the available evidence would prove his guilt. Accordingly, we find the appellant's plea of guilty provident and affirm the decision of the Court of Military Review.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent.

In United States v Care, 18 USCMA 535, 541, 40 CMR 247 (1969), this Court held:

". . . [T]he record of trial for those courts-martial convened more than thirty days after the date of this opinion must reflect not only that the elements of each offense charged have been explained to the accused but also that the military trial judge or the president has questioned the accused about what he did or did not do, and what he intended (where this is pertinent), to make clear the basis for a determination by the military trial judge or president whether the acts or the omissions of the accused constitute the offense or offenses to which he is pleading guilty."

Where, as here, the accused is unable to recall the events which constituted the alleged offenses, I am of the opinion that the mandate of *Care* requires that his offer to plead guilty be rejected. In such circumstances, how can it be said that the presiding official "questioned the accused about what he did or did not do, and what he intended"? The accused cannot tell him because he doesn't remember. *Care* places on the military judge or the president of the court the burden of obtaining *from the accused* the necessary evidence to sustain the plea. The judgment of guilt must be based on a finding that the *admissions of the accused* as to his activities, his omissions, and, where pertinent, his intents, fully embrace the elements of the charged offenses.

My brothers find it sufficient, in this case, for the accused and the military judge to have relied on a stipulation of fact in order to place on the record the information necessary to substantiate the plea. The basic flaw in this approach is that, insofar as this accused is concerned, the data in the stipulation is hearsay. It consisted of the evidence which the Government, allegedly, could produce in the event the accused pleaded not guilty. Whether any or all of it would be admissible could only be determined during a trial of the case. While trial and defense counsel may agree that the facts in the stipulation are true, the accused could only base his assent thereto on what someone else told him, for the simple reason that he was unable to recall what took place.

*Care* does not recognize stipulations —only the facts elicited from the accused through questions propounded by the military judge. Defense counsel's knowledge of the strength of the case for the prosecution and his explanation to the accused are, likewise, not controlling. As we said in *Care,* at page 541:

". . . We believe the counsel, too, should explain the elements and determine that there is a factual basis for the plea but his having done so earlier will not relieve the military trial judge or the president of his responsibility to do so on the record."

Particularly disturbing in this case, with regard to the stipulation and the written statements of the witness, which the accused acknowledged he had looked at, is the fact that the accused, when asked by the military judge whether he could read and write and understand English, replied, "Not too well, sir. I know enough to get me by, sir."

My brothers contend that in light of the decision of the Supreme Court in North Carolina v Alford, 400 US 25, 27 L Ed 2d 162, 91 S Ct — (1970), an unremembering accused may providently plead guilty, despite a personal belief that he did not commit the offense, if he is convinced that the strength of the Government's case against him is such as to make assertion of his right to trial an empty gesture. United States v Butler, 20

USCMA 247, 248, 43 CMR 87 (1971). I concurred only in the result in *Butler* because, in my opinion, Butler's plea, under the circumstances of that case, was in accord with the affirmance by the Court of Military Review of the lesser offense of assault with intent to commit voluntary manslaughter (Butler had originally pleaded guilty to a charge of assault with intent to commit murder).

North Carolina v Alford, supra, did not establish the law of this Court, *Care* did, and I submit that the military rule for the acceptance of a guilty plea, set forth in *Care*, is stricter than that provided in Rule 11 of the Federal Rules of Criminal Procedure. See McCarthy v United States, 394 US 459, 22 L Ed 2d 418, 89 S Ct 1166 (1969), and Boykin v Alabama, 395 US 238, 23 L Ed 2d 274, 89 S Ct 1709 (1969). This is not the first time we have had occasion to apply a broader test in military cases than that required in the Federal civilian courts. Article 31, Uniform Code of Military Justice, 10 USC § 831; United States v White, 17 USCMA 211, 38 CMR 9 (1967), and cases cited at page 216. The stricter rule in military cases is a salutary one. Many of those in the military are now serving by reason of compulsory laws; many are away from home, family, and friends for the first time; and many are of an age making them responsible in some jurisdictions only as juveniles. These and other similar reasons make it desirable that the elicitation of the facts reflecting that the accused is in fact guilty of the offenses to which he is so pleading be proved under a more stringent rule.

Under the holding in *Care*, I believe that the military judge erred to the prejudice of the accused in accepting the pleas of guilty.

I would reverse the decision of the Court of Military Review and direct that a rehearing may be ordered.