## UNITED STATES, Appellee

### v

## M. C. WOODS, Lance Corporal, U. S. Marine Corps, Appellant

### 22 USCMA 137, 46 CMR 137

### No. 26,004

### February 9, 1973

*Lieutenant William Polkinghorn, Jr.,* JAGC, USNR, argued the cause for Appellant, Accused. With him on the brief were *Lieutenant David G. Grimes, Jr.,* JAGC, USNR, and *Lieutenant Charles W. Corddry, III,* JAGC, USNR.

*Lieutenant Commander Harvey E. Little,* JAGC, USN, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel G. L. Bailey,* USMC.

### Opinion of the Court

DUNCAN, Judge:

The question before us in this case is whether the appellant's plea of guilty was improvidently entered.

Woods was brought to trial before military judge alone on one specification alleging premeditated murder, in violation of Article 118, Uniform Code of Military Justice [hereinafter cited as UCMJ], 10 USC § 918. He pleaded not guilty as charged but guilty of the lesser included offense of voluntary manslaughter (Article 119, UCMJ, 10 USC § 919). His plea to the lesser offense was accepted by the military judge. When the military judge inquired whether the Government was ready to proceed with the trial on the merits of the charged offense, trial counsel requested a short recess. Upon reopening of the court, trial counsel announced, "Your Honor, on the case on the merits, the government rests, and will present no evidence."[1] The military judge thereupon entered a finding of guilty in accordance with the appellant's plea. After hearing evidence in extenuation and mitigation, the judge sentenced the appellant to dishonorable discharge, total forfeitures, confinement at hard labor for five years, and reduction to the pay grade E–1.

In the post-trial review, the staff judge advocate advised the convening authority:

---

[1] Trial counsel replied in the affirmative when asked by the military judge whether he had been authorized to take that action by the convening authority.

"4. *CONCERNING THE FIND-INGS:*

"The accused made a number of statements in response to the Military Judge's inquiry into the providency of his guilty plea and in mitigation and extenuation. Some of them appear to be inconsistent with his plea of guilty to voluntary manslaughter. One of the elements of voluntary manslaughter is that there must be an intent to kill or inflict serious bodily harm. The accused admitted that he had a bayonet in his hand and he twice admitted that he wanted to hurt MINTER. However, on other occasions he stated that he did not intend to stab MINTER, that he only wanted to chase him out of the barracks to salve his own pride, that he didn't want to catch him, and that he caught him only because MINTER stopped. Further, he stated that he did not try to stab MINTER but was merely trying to defend himself while MINTER was on top of him during the subsequent fight.[2] He also stated at one point that he did not remember actually stabbing MINTER. Considering the totality of the accused's testimony, I am not convinced that his guilty plea was provident. However, since intent to kill or inflict serious bodily harm is not an element of the lesser included offense of involuntary manslaughter, the accused's plea would have been provident as regards that offense. You may disapprove the findings and sentence and direct a new trial or you may approve only a finding of involuntary manslaughter, the lesser included offense, and reassess the sentence. I recommend that latter course.

.   .   .   .   .

"10. *OPINIONS:*

"Premised on the foregoing, I am of the opinion:

.   .   .   .   .

"e. That there were no errors other than the improvident plea which materially prejudiced the substantial rights of the accused.

.   .   .   .   .

"12. *RECOMMENDATIONS:*

"a. That the finding of involuntary manslaughter be approved.

"b. That only so much of the sentence as provides for confinement at hard labor for three years, forfeiture of all pay and allowances, reduction to pay grade E–1 and a Dishonorable Discharge be approved.

"An action effecting these recommendations, should you concur, is attached for your signature."

The convening authority signed the action prepared for him by the staff judge advocate.

Before the Court of Military Review, the appellant alleged that his plea of guilty to voluntary manslaughter was improvident in that the testimony adduced at trial presented the issue of self-defense. Upon review of the record, the Court of Military Review declared:

"We agree that there was in the appellant's colloquy with the trial judge substance which, if offered as defense evidence under a not guilty plea, would be sufficient to warrant and to require submission on the issue of *self-defense.*" [Emphasis supplied.]

The court went on to hold, however, that in light of the fact that Woods had entered into a pretrial agreement to plead guilty to the lesser offense, "the issue of self-defense and all other defensive issues, if any there were, were waived to permit the appellant to have his bargain."

Article 45, UCMJ, 10 USC § 845, provides in part:

"(a) If an accused . . . after a plea of guilty sets up matter inconsistent with the plea, . . . a plea of not guilty shall be entered in

_____

[2] In his pretrial advice to the convening authority, the staff judge advocate opined "[t]hat there is a possible issue of self-defense indicated by the evidence."

the record, and the court shall proceed as though he had pleaded not guilty."

See paragraph 70b, Manual for Courts-Martial, United States, 1969 (Revised edition), which comports generally with Fed. R. Crim. P. 11. See also United States v Thompson, 21 USCMA 526, 45 CMR 300 (1972); United States v Timmins, 21 USCMA 475, 45 CMR 249 (1972); United States v Bernier, 20 USCMA 623, 44 CMR 53 (1971); United States v Woodrum, 20 USCMA 529, 43 CMR 369 (1971); United States v Saplala, 19 USCMA 344, 41 CMR 344 (1970); United States v Calpito, 18 USCMA 450, 40 CMR 162 (1969); United States v Lewis, 18 USCMA 287, 39 CMR 287 (1969); United States v Vance, 17 USCMA 444, 446, 38 CMR 242, 244 (1968).

In *Thompson,* we declared:

". . . The words of the statute manifest a congressional intent that guilt be acknowledged consisently from the plea through the sentence." 21 USCMA at 528, 45 CMR at 302.

And in *Timmins:*

"When the appellant's testimony reasonably raised the question of a defense of mistake of fact, it was incumbent upon the military judge to make a more searching inquiry to determine the accused's position on the apparent inconsistency with his plea of guilty. A prior determination by the defense counsel that 'there is a factual basis for the plea . . . will not relieve the military trial judge or the president of his responsibility to do so on the record.' *Care,* supra,[3] at page 541. Cf. Article 45(a), Code, supra." [21 USCMA at 479, 45 CMR at 253.]

We agree with the staff judge advocate that the plea of guilty to voluntary manslaughter was improvidently entered. We do not agree, however, with his view that the lesser offense of involuntary manslaughter could be approved.

"A plea of self-defense is in the nature of a plea in confession and avoidance." United States v Duckworth, 13 USCMA 515, 520, 33 CMR 47, 52 (1963). It is "a defense of necessity" (paragraph 216c, Manual, supra); an affirmative defense which excuses one from all criminal liability.[4]

While it may be argued that the staff judge advocate did not rely exclusively on the appellant's claim that he acted in defense of himself in determining that the plea was improvident, the Court of Military Review left no doubt that it believed the issue of self-defense had been raised. That court held the question to have been waived in favor of the pretrial agreement.

We decline to hold waiver in this case as we also did, under similar circumstances in United States v Bernier, supra. Bernier pleaded guilty to the charge of involuntary manslaughter pursuant to a pretrial agreement. His conviction was reversed because of his testimony that he believed the victim (a fellow Marine) was an enemy solider who " 'was going to shoot us.' " 20 USCMA at 624, 44 CMR at 54. See also United States v Saplala, supra (assault with a means likely to produce grievous bodily harm), and United States v Woodrum, supra (assault with a deadly weapon), which were also reversed on the ground that the pleas were improvident in light of testimony raising the question of self-defense, despite the existence of pretrial agreements.

We iterate what we said in United States v Timmins, supra at 479, 45 CMR at 253:

"Given its best view, the accused's testimony by no measure establishes his innocence as a matter of law, but is inconsistent with his declaration of guilt to such an extent that the military judge was required to inquire further as we have reasoned hereinabove."

The decision of the Court of Military

---

[3] United States v Care, 18 USCMA 535, 40 CMR 247 (1969).
[4] See generally Tedrow, Digest, Annotated and Digested Opinions, U. S. Court of Military Appeals, Homicide at 450 et seq. (1966).

Review is reversed. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.

Chief Judge DARDEN concurs.

QUINN, Judge (dissenting):

I agree with the trial judge's assessment of the accused's statements in connection with his plea of guilty, and I would, therefore, affirm the validity of his plea and the conviction predicated on it. United States v Butler, 20 USCMA 247, 43 CMR 87 (1971); United States v Hollins, 17 USCMA 542, 38 CMR 340 (1968).