UNITED STATES

v.

Airman Craig M. OLSON, FR 502–86–8815 United States Air Force.

ACM S24704.

U. S. Air Force Court of Military Review.

Sentence Adjudged 18 Jan. 1979.

Decided 25 June 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Lieutenant Colonel Larry G. Stephens, USAF.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain James R. Van Orsdol.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

The accused was convicted by a special court-martial, composed of a military judge, of disrespect to a superior noncommissioned officer; two specifications of assault, one on a superior noncommissioned officer and one on a security policeman performing security police duties; and two charges of wrongfully communicating a threat, in violation of Articles 91, 128, and 134, respectively, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 928, 934. The approved sentence extends to a bad conduct discharge, confinement at hard labor for three months, and reduction in grade to airman basic.

In their only assignment of error, appellate defense counsel contend the military judge erred in accepting the accused's guilty plea where the inquiry required by *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), showed an affirmative defense of intoxication or amnesia.

As required by *Care*, supra, the military judge explained the elements of each specification to the accused, and carefully questioned him about his acts and his intent at the time of the acts. The military judge further advised the accused that by pleading guilty he would waive his rights as to self-incrimination, a trial of the facts by court-martial, and the confrontation of witnesses. He questioned the accused as to his understanding of relevant terms and the effect of his plea. The accused indicated that he understood all that the military judge had told him, and that he believed the stipulation of fact admitted into evidence accurately described the charged misconduct.

Responding to questions from the military judge, the accused stated he remembered drinking beer prior to the incident at a squadron party with other persons including his first sergeant, but he had no memory at all of committing the offenses. However, he did not believe he was intoxicated at the time, or that his lack of memory was due to his consumption of beer. The accused stated that his memory returned when he became ill after the security police arrived and subdued him.

Despite this lack of memory, the accused entered a guilty plea. He said that, after reading the statements of witnesses and consulting with counsel, he believed he had committed the offenses charged. He further stated to the military judge that, he

believed that, at the time of the acts, he knew the acts were directed at a superior noncommissioned officer, an on-duty security policeman and a commissioned officer. His language and actions at the time of the offenses also indicate he knew the identities of the victims.

In *United States v. Luebs*, 20 U.S.C.M.A. 475, 43 C.M.R. 315 (1971), the United States Court of Military Appeals held that a guilty plea was provident, even though the accused did not remember committing the offense, where he had been properly advised of his rights; had acknowledged his understanding thereof; was convinced that a stipulation of fact correctly stated the conduct charged; and there was nothing in either the stipulation of fact or his responses during the *Care* inquiry inconsistent with the guilty plea. This is precisely the situation here.

■ Providence of a guilty plea does not depend on the accused's memory of the conduct constituting the offense. See *United States v. Parmes*, 44 C.M.R. 628 (A.F.M.C.R.1971), and *United States v. Olvera*, 4 U.S.C.M.A. 134, 15 C.M.R. 134 (1954). The Court of Military Appeals has said: "[I]nability to recall . . . conduct constituting the offense does not . . . negate the existence of any essential element of the offense." *United States v. Butler*, 20 U.S.C.M.A. 247, 43 C.M.R. 87, 88 (1971).

■ Even though the accused could not remember the incident from which the charges arose, he acknowledged to the military judge that he was fully aware of the available evidence, had discussed it with counsel, and understood his rights. Neither his answers to the military judge's inquiry nor the evidence presented in the stipulation of fact contained anything inconsistent with his plea. Accordingly, we find no error in the military judge's acceptance of the guilty plea. *United States v. Luebs*, and *United States v. Butler*, both supra.

The findings of guilty and the sentence are

AFFIRMED.

EARLY, Chief Judge, HERMAN, and ORSER, Judges, concur.