CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, LIND, and KRAUSS[1]
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant BENJAMIN D. BARNES**
**United States Army, Appellant**

ARMY 20110361

Headquarters, United States Army Alaska
Mark A. Bridges, Military Judge
Colonel Randall J. Bagwell, Staff Judge Advocate


For Appellant:  Lieutenant Colonel Jonathan F. Potter, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Ian M. Guy, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Elisabeth A. Claus, JA; Captain T. Campbell Warner, JA (on brief).


9 January 2014

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

YOB, Senior Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of absence without leave for a period of thirteen hours terminated by apprehension (the Specification of Additional Charge II) and a violation of a lawful general regulation for wrongful use of a government credit card

---
[1] Senior Judge YOB took final action on this case prior to his permanent change of duty station.

(the Specification of Additional Charge I) in violation of Articles 86 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892 (2006) [hereinafter UCMJ]. Contrary to appellant's pleas, the military judge convicted appellant of a violation of a lawful general regulation for misuse of a government telephone (the Specification of Charge I), larceny of prepared food of a value of $8.78 (Specification 1 of Charge II), and larceny of gasoline of a value of $205.97 (Specification 2 of Charge II) in violation of Articles 92 and 121, UCMJ, 10 U.S.C. §§ 892, 921 (2006).[2] The military judge sentenced appellant to a bad-conduct discharge, confinement for three months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence and credited appellant with ten days against the sentence to confinement.

This case is before the court for review under Article 66, UCMJ. Appellant raises three assignments of error, one of which alleges the military judge erred when he refused to accept appellant's guilty pleas to Charges I, II, and III and their specifications. The government concedes the judge's actions constituted prejudicial error and that the proper remedy is for this court to apply the terms of appellant's pretrial agreement by approving a sentence consistent with its terms. We agree with the parties and will provide relief in our decretal paragraph. Our action in response to this assignment of error renders it unnecessary to address the remaining two assigned errors.

**Background**

Charges I, II, and III arose from appellant's alleged theft of mail from another soldier while appellant was on staff duty for his unit on 1 July 2010. The stolen mail contained a credit card, which was intended for the recipient as a replacement for another card that had expired. Appellant took the credit card and entered his unit's command suite. Appellant was able to access the command suite after-hours because he possessed a master key by virtue of being the staff duty non-commissioned officer. Once inside the suite, appellant used one of the telephones to call the company that issued the credit card and activate the card. In the days following, appellant used the card several times to purchase fast food and gasoline. Appellant also used his cellular phone to make a payment of $152.14 to a company called Network Telephone Services with the stolen credit card.

---

[2] The military judge found appellant not guilty of two other specifications of larceny of prepared food (Specifications 3 and 4 of Charge II), one specification of stealing mail matter (Specification 1 of Charge III), and one specification of obtaining services under false pretenses (Specification 2 of Charge III).

All of the charges made by appellant with the stolen card occurred between 2 July and 12 July 2010. The true owner of the credit card had a habit of monitoring his credit card purchases via the internet. When the owner noticed unauthorized charges appearing on his account during the first part of July 2010, he contacted the credit card issuer who deactivated the card, rendering it useless.

After preferral of the charges related to the stolen mail and credit card, appellant committed additional offenses by using his government issued credit card for unofficial, personal purchases during January and February 2011. At that time, appellant knew this card was only authorized for purchases related to his official duties. Furthermore, on 24 February 2011, appellant was not present for duty on post at 0800 as required. Instead, he had traveled to a remote area where he intended to commit suicide. Thirteen hours later, prior to attempting to take his own life, he was apprehended by civilian law enforcement and returned to military control. These later offenses of violating a lawful general regulation by misusing his official credit card and unauthorized absence without leave were included as the Additional Charges in appellant's court-martial.

Appellant entered into a pretrial agreement with the convening authority to plead guilty to all charges and specifications. In exchange, the convening authority agreed to disapprove any adjudged punitive discharge and any reduction in grade below E-4.

During the providence inquiry, appellant told the military judge he had no recollection of committing the offenses related to the mail theft and stolen credit card, including no recollection of ever using the card. Appellant stated he did remember his actions that constituted the Additional Charges concerning wrongful use of his government-issued credit card and the thirteen-hour absence without leave terminated by apprehension. Appellant did not assert any defense based on lack of mental responsibility. In fact, he specifically disclaimed any such defense, and explained to the military judge that he was certain after talking to his treating physicians that he did not commit the acts alleged in an unconscious state, but instead committed them with full consciousness and understanding, only to have later forgotten what he did. He described this as a situation similar to having amnesia.

During the colloquy, appellant explained that, despite his inability to remember his actions, he believed he was guilty of the offenses. Appellant reached this conclusion after reviewing the government's evidence, which provided reliable proof to appellant that he alone was in the position to steal the mail; activate the stolen card using the command suite telephone; use the card for purchases associated with his phone; and to make the other purchases alleged. In fact, the evidence included a photograph showing appellant using the stolen card to complete a purchase at a fast-food restaurant located at a military installation.

Throughout the inquiry, appellant maintained his belief that he was guilty of the offenses. He never offered any statement that would contradict his pleas and he never raised any defenses that could result in a finding of not guilty in a contested case. At the conclusion of the inquiry, the military judge commented that "there's plenty of circumstantial evidence that suggests [appellant]'s the one who committed these offense" but that "there is no direct evidence other than potentially one picture of [appellant] being at the—at the food vendor, when [the] card was used." Based on this, the military judge found appellant's pleas to Charges I, II, III and their specifications to be improvident. Defense counsel did not formally object to the military judge's determination that appellant's pleas were improvident.

After a recess, the government informed the military judge the convening authority was withdrawing from the pretrial agreement. At a later session, the military judge accepted appellant's pleas of guilty to the Additional Charges and their specifications. Appellant pleaded not guilty to all of the specifications of Charges I, II, and III. The military judge found appellant guilty of the Specification of Charge I and Specifications 1 and 2 of Charge II. The military judge found appellant not guilty of the remaining offenses, including Specification 2 of Charge III, which alleged the theft of services from Network Telephone Services. The military judge explained the basis for this finding of not guilty was the government's failure to present any evidence the credit card charges were for services and not for some other purpose, such as the purchase of goods. However, the judge added that he did find appellant's personal cellular phone number was used in connection with the stolen credit card, and he considered this as evidence to support his findings of guilt to the other offenses related to the stolen credit card.

**Law and Analysis**

Given appellant's failure to object to the ruling on providence at trial, we must conduct a plain error review. *United States v. Parker*, 62 M.J. 459, 465 (C.A.A.F. 2006) (citing *United States v. Powell*, 49 M.J. 460, 465 (C.A.A.F. 1998)). Under plain error review, appellant has the burden of demonstrating that: (1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of the accused. *United States v. Warner*, __ M.J. __, slip op. at 4-5 (C.A.A.F. 6 Dec. 2013) (citation and quotation marks omitted).

A military judge has the responsibility to conduct a thorough inquiry to ensure there is an "adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321-22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). In determining whether a guilty plea is provident, the military judge may consider the stipulation of fact, the colloquy with appellant, and any reasonable inferences drawn therefrom. *United*

*States v. Hardeman*, 59 M.J. 389, 391 (C.A.A.F. 2004) (citing *United States v. Care*, 18 U.S.C.M.A. 535, 540, 40 C.M.R. 247, 252 (1969)).

"The decision of a military judge to reject a guilty plea will not be overturned unless it is arbitrary." *Parker*, 62 M.J. at 460 (citing *United States v. Penister*, 25 M.J. 148, 152 (C.M.A. 1987)).

The question in this case hinges on whether the lengthy and detailed providence inquiry allowed the military judge to conclude appellant established an adequate factual basis of his guilt and that appellant was convinced of his guilt.

"A valid guilty plea requires [a]ppellant to admit his guilt and articulate those facts that objectively establish his guilt." *United States v. Jones*, 69 M.J. 294, 299 (C.A.A.F. 2011) (citing *United States v. Davenport*, 9 M.J. 364, 366-67 (C.M.A. 1980)). "If an accused is personally convinced of his guilt based upon an assessment of the government's evidence, his inability to recall the specific facts underlying his offense without assistance does not preclude his guilty plea from being provident." *Id.* (citing *United States v. Moglia*, 3 M.J. 216, 218 (C.M.A. 1977)). "*A fortiori*, reliance on information provided in the stipulation of fact or by defense counsel does not raise a substantial basis in law or fact to question the plea." *Id.* (citing *United States v. Luebs*, 20 U.S.C.M.A. 475, 476, 43 C.M.R. 315, 316 (1971)). *See also* Rule for Courts-Martial [hereinafter R.C.M.] 910(e) discussion ("The accused need not describe from personal recollection all the circumstances necessary to establish a factual basis for the plea. Nevertheless the accused must be convinced of, and able to describe all the facts necessary to establish guilt.").

As this court stated in *United States v. Axelson*:

> As long as amnesia does "not preclude him from intelligently cooperating in his defense or taking the stand on his own behalf . . . [and] his amnesic condition [does not] impair[] his ability to rationally examine and assess the strength of the [g]overnment's evidence against him," an accused may knowingly and voluntarily plead guilty.*

65 M.J. 501, 511 (Army Ct. Crim. App. 2007) (quoting *United States v. Barreto*, 57 M.J. 127, 130 (C.A.A.F. 2002)). This is true even for specific intent crimes, such as larceny. *See Penister*, 25 M.J. at 152 (citing *Luebs*, 20 U.S.C.M.A. 475, 43 C.M.R. 315; *United States v. Butler*, 20 U.S.C.M.A. 247, 43 C.M.R. 87 (1971)).

---

\* Corrected

BARNES — ARMY 20110361

After our review of the providence inquiry, we find the judge's rejection of the plea under the standards he articulated to be arbitrary. The judge appeared to require direct or independent evidence to support the pleas. However, appellant based his plea on reliable circumstantial and direct evidence. The evidence appellant reviewed included his cellular phone records which showed appellant made purchases with the credit card using his phone; phone logs which showed the card was activated using the command suite phone on the night appellant was assigned to staff duty; the fact that appellant was the only person present who had access to the command suite on the night the card was activated; and a photograph showing appellant making a purchase at a fast-food restaurant. During the colloquy, appellant also continuously expressed his belief that he was guilty of the charged offenses. "When, as here, an accused cannot recall all of the circumstances surrounding his crimes, he may still plead guilty so long as he or she is personally convinced of his guilt and is willing to admit that guilt to the military judge." *Axelson*, 65 M.J. at 511 (citations omitted). The misapplication of this standard, and the failure of the military judge to articulate a reasonable basis to reject the plea, rendered the judge's decision arbitrary.[3]

We therefore find the military judge's refusal to accept appellant's guilty pleas constitutes plain and obvious error. We also find this error materially prejudiced the substantial rights of appellant by denying him the benefit of the pretrial agreement. The agreement would have limited appellant's approved reduction in grade to only E-4 and also precluded the punitive discharge approved by the convening authority as punishment.

Having found appellant met his burden to prove plain error, we now turn to the appropriate remedy. Prior to conducting a providence inquiry for the Additional Charges and their specifications, the military judge stated that he recognized appellant, at the previous session, "did want to plead guilty and tried to plead guilty to those offenses [Charges I, II, and III and their specifications], although I wouldn't allow him to do that." Given this statement by the military judge and our conclusion concerning the error in failing to accept appellant's pleas, it cannot be said that appellant failed to fulfill any material promise or condition under the terms of the pretrial agreement that would allow the convening authority to withdraw from the

---

[3] We nonetheless commend the military judge for conducting a thorough, lengthy, and detailed providence inquiry. We also recognize, as our superior court did in *Penister*: "In light of this Court's opinions emphasizing this responsibility [to ensure a plea is provident], it is understandable that a judge may err on the side of caution and not accept a guilty plea when there is any question as to its providence." 25 M.J. at 152.

6

agreement. R.C.M. 705(d)(4)(B). *See Penister*, 25 M.J. at 152 ("[I]f a guilty plea is arbitrarily rejected, we doubt that such an event can be considered failure by the accused to fulfill any material promise or condition in the agreement. Likewise, if the military judge rejects a provident guilty plea because of a misapplication or misunderstanding of the law, this can hardly be deemed failure by the accused.") (internal citations and quotation marks omitted). The Government concedes that the convening authority should have been bound by the agreement and that appellant should now retain the benefit of the agreement. *See United States v. Clayton*, 25 M.J. 888 (A.C.M.R. 1988).

We recognize appellant originally agreed to plead guilty to all charges and specifications, but was ultimately found guilty of only some of these offenses. However, we are confident after review of the entire record, to include appellant's requested relief and the government's concession, that enforcement of the maximum punishment available under the terms of the plea agreement cures the prejudicial error in this case. *See United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986); *United States v. Winckelmann*, __ M.J. __, slip op. at 12-13 (C.A.A.F. 18 Dec. 2013).

## Conclusion

The findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *Sales* and *Winckelmann*, the court affirms only so much of the sentence as provides for confinement for three months and reduction to the grade of E-4. We also find such a sentence to be appropriate in light of the entire record. *See* UCMJ art. 66(c). All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by the decision, are ordered restored. *See* UMCJ arts. 58a(b), 58b(c), and 75(a).

Judge LIND and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

7