# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

———————————

**No. ACM 38884**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Drew D. PARENTEAU-HEFNER**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 7 March 2017

———————————

*Military Judge:* Ira Perkins (sitting alone).

*Approved sentence:* Bad-conduct discharge, confinement for 4 months, and reduction to E-1. Sentence adjudged 5 August 2015 by GCM convened at Joint Base Elmendorf-Richardson, Alaska.

*For Appellant:* Captain Annie W. Morgan, USAF.

*For Appellee:* Lieutenant Colonel Jennifer A. Porter, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, KIEFER, and SPERANZA, *Appellate Military Judges.*

Judge KIEFER delivered the opinion of the court, in which Senior Judge MAYBERRY and Judge SPERANZA joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

KIEFER, Judge:

A military judge convicted Appellant, pursuant to his pleas and a pretrial agreement, of resisting apprehension, negligently damaging a dorm "Exit" sign, physically controlling a motor vehicle while impaired by lysergic acid

diethylamide (LSD), wrongful use of LSD, breach of the peace by wrongfully activating a fire alarm, and assault consummated by a battery on a fellow Airman in violation of Articles 95, 108, 111, 112a, 116, and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 895, 908, 911, 912a, 916, 928. The military judge sentenced Appellant to a bad-conduct discharge, four months confinement, and reduction to the grade of E-1. The convening authority approved the sentenced as adjudged.

Appellant alleges six assignments of error:[1] (1) whether his plea to resisting apprehension was improvident because he was unable to appreciate the circumstances and nature of his actions while being apprehended; (2) whether his plea to physically controlling a passenger vehicle while impaired was improvident because he failed to admit sufficient facts to support the plea; (3) whether his plea to assault consummated by a battery as charged was improvident because he failed to state on the record that he pushed Airman First Class (A1C) TD "on the chest"; (4) whether he was subjected to cruel and unusual punishment in violation of Article 55, UCMJ, 10 U.S.C. § 855, or the Eighth Amendment;[2] (5) whether there was prejudicial error in the staff judge advocate (SJA) failing to note any legal errors in the SJA recommendation (SJAR) or addendum; and (6) whether his punishment was inappropriately severe.[3] We are not persuaded and affirm the findings and the sentence as approved.

## I. BACKGROUND

Appellant was assigned to Joint Base Elmendorf-Richardson, Alaska. One evening in the dorms, Appellant wrongfully ingested five tabs of LSD. At approximately 0400 the next day, Appellant, without cause, pulled a fire alarm. As he and others were leaving the building due to the false alarm, Appellant damaged a government "Exit" sign by hitting it with his hand. Once outside the building, Appellant was confronted by another Airman about his strange

---

[1] In a supplemental assignment of error, Appellant claims his due process right was violated when we failed to render him timely appellate review. However, no presumptively unreasonable post-trial delay occurred and we find no facially unreasonable delay in this case; therefore, Appellant's due process right has not been violated. *See United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006); *see also Barker v. Wingo*, 407 U.S. 514 (1972). Moreover, we decline to exercise our power under Article 66(c), UCMJ, 10 U.S.C. § 866(c), to grant Appellant relief for unreasonable post-trial delay. *See United States v. Tardif*, 57 M.J. 219, 224–25 (C.A.A.F. 2002).

[2] U.S. CONST. amend. VIII.

[3] Raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

behavior. Appellant assaulted the Airman by pushing him multiple times, and the two ended up wrestling on the ground. When law enforcement arrived at the dorm, Officer EM, a person authorized to apprehend, recognized that Appellant was under the influence of an unknown substance. Officer EM attempted to apprehend Appellant, but Appellant continued to struggle and resist. Officer EM described Appellant as "aggressive, assaultive and belligerent toward responding officers" and "appeared to have strength beyond human capacity." Other law enforcement personnel arrived on the scene. After being placed in handcuffs, the officers attempted to restrain Appellant's legs but were unsuccessful. Ultimately, they tased Appellant four times before he stopped resisting.

Approximately a half hour after Appellant pulled the fire alarm, security forces investigated the area around the dorm, where they found Appellant's car butted up against another vehicle in the parking lot, with the keys in the ignition and the engine running. When interviewed the following day, Appellant told investigators that he had driven the vehicle the previous evening, parking it in the dorm parking lot at about 2100. Appellant ingested the five tabs of LSD in the dorm after returning at 2100. Appellant stated he did not give his keys to anyone else that evening or the next morning prior to being apprehended. Consequently, the Government also charged Appellant with physically controlling his vehicle while impaired by LSD.

## II. DISCUSSION

### A. Providence of Pleas

Appellant alleges three assignments of error regarding his guilty plea. He argues that his plea to resisting apprehension was improvident because his voluntary intoxication by LSD rendered him unable to appreciate the nature of his actions, and he was not able to form the knowledge that he was being apprehended by a person authorized to apprehend him. Appellant also alleges his plea to physically controlling a passenger vehicle while impaired was improvident because he failed to admit sufficient facts to support the plea. Finally, with respect to the Article 128 offense, Appellant argues that there is insufficient evidence that he pushed A1C TD "on the chest" to support the finding as entered by the military judge.

Before accepting a plea of guilty, the military judge must conduct a thorough inquiry and determine that the accused understands his plea, it is entered voluntarily, and the accused is in fact guilty. *United States v. McCrimmon*, 60 M.J. 145, 152 (C.A.A.F. 2004); *United States v. Davenport*, 9 M.J. 364, 364 (C.M.A. 1980); *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969); and Rule for Courts-Martial (R.C.M.) 910(c)-(e).

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Jones*, 69 M.J. 294, 299 (C.A.A.F. 2011) (citing *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996)). During a guilty plea inquiry, the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea. *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008). In determining whether a guilty plea is provident, the military judge may consider "the facts contained in the stipulation [of fact] along with the inquiry of appellant on the records." *Jones*, 69 M.J. at 299 (quoting *United States v. Sweet*, 42 M.J. 183, 185 (C.A.A.F. 1995)). We will not set aside a guilty plea unless there is a "substantial basis" in law and fact for questioning the plea. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991).

"An accused may plead guilty to an offense even if he or she does not remember the facts leading to the offense if the accused is convinced of his or her guilt." *United States v. Stevens*, No. ACM 30782, 1995 CCA LEXIS 181, at *4 (A.F. Ct. Crim. App. 26 Jun 1995) (unpub. op.); *see United States v. Moglia*, 3 M.J. 216, 218 (C.M.A. 1977); *see also United States v. Luebs*, 43 C.M.R. 315, 316 (C.M.A. 1971). This principle also applies with specific intent offenses. *United States v. Penister*, 25 M.J. 148, 152 (C.M.A. 1987) (lack of memory of pulling the trigger in an aggravated assault offense is not sufficient to void the plea). But, "[m]ere conclusions of law recited by an accused are insufficient to provide a factual basis for a guilty plea." *United States v. Outhier*, 45 M.J. 326, 331 (C.A.A.F. 1996).

Recognizing the tendency of persons accused of criminal offenses to rationalize their behavior, military appellate courts may permit the military judge "in a borderline case . . . [to] give weight to the defense evaluation of the evidence." *United States v. Harrow*, 65 M.J. 190, 205 (C.A.A.F. 2007) (quoting *McCrimmon*, 60 M.J. at 152); *see also United States v. Clark*, 28 M.J. 401, 407 (C.M.A. 1989). In this regard, an accused may rely on information provided to him regarding the facts of the case in determining whether he committed the charged offenses.

### 1. Providency of Plea to Resisting Apprehension

With respect to the Specification of Charge I, Appellant alleges that his voluntary intoxication from ingesting LSD made it impossible for him to form the intent required to resist apprehension under Article 95. Appellant primarily argues that he was too impaired to know that the person apprehending him was authorized to make the apprehension. Appellant, however, misunderstands the elements of resisting apprehension, which are:

a) That a certain person attempted to apprehend the accused;

b) That said person was authorized to apprehend the accused; and

c) That the accused actively resisted the apprehension.

*Manual for Courts-Martial, United States* (*MCM*), pt. IV, ¶ 19.b.(1) (2012).

The Government is not required to prove, as an element, that the accused knew the person effecting the apprehension was authorized to do so. It is a defense, however, if the accused held a reasonable mistake of fact that the person was not authorized to apprehend. *See id.* at 19.(c).(1)(d); *see also United States v. Noble*, 2 M.J. 672, 674–75 (A.F.C.M.R. 1976). The test for this defense is based on "what a reasonable man . . . would have thought had he been in the same position." *Noble*, 2 M.J. at 675.

Here, Appellant argues that due to his voluntary intoxication, he was unable to appreciate the circumstances surrounding his apprehension, including that Officer EM was a person authorized to apprehend. "Voluntary intoxication, whether caused by alcohol or drugs, is not a defense." R.C.M. 916(l)(2). Evidence of voluntary intoxication may lead to a reasonable doubt concerning specific intent in certain cases, but an Article 95 resisting apprehension offense does not have a specific intent element. Applying the reasonable person test to the facts of this case, a reasonable sober person in Appellant's position would have understood that he was being apprehended and that the person conducting the apprehension was authorized to do so.

Further, in this case, Appellant admitted under oath that he understood Officer EM was authorized to apprehend him:

> MJ: How did [Officer EM] try to stop you?
>
> ACC: First putting handcuffs on me sir. Telling me to calm down.
>
> MJ: At the time he did that, did you understand he had the right to apprehend you?
>
> ACC: Yes, sir.

Consequently, the military judge asked directly about the mistake of fact defense set forth in the *MCM*, and Appellant provided an answer that indicated the defense did not apply. The stipulation of fact further notes that Officer EM identified himself as a security forces member when he arrived on scene, and a reasonable person presented with this fact would have understood that he had the authority to apprehend. Additionally, later in the guilty plea inquiry, Appellant told the military judge that he had a present recollection of being handcuffed, further evidencing that he knew he was being ap-

prehended. Appellant makes no challenge to the fact that his actions of kicking, struggling, and biting constituted active resistance.

Based on all of the facts elicited during the guilty plea inquiry and included in the stipulation of fact, Appellant admitted all elements of the offense and provided sufficient facts to support his guilt. Accordingly, we find the plea was provident.

### 2. Providence of Plea to Assault Consummated by a Battery

Appellant also argues that the guilty plea inquiry and stipulation of fact fail to establish that Appellant pushed A1C TD "on the chest" as charged. During the plea inquiry, Appellant admitted to pushing A1C TD multiple times and described a verbal confrontation with A1C TD prior to the pushing. Based on Appellant's description of this encounter, at some point the two Airmen were facing each other and pushes from Appellant logically would have been to A1C TD's upper body. Further, the stipulation of fact indicates that Appellant and A1C TD continued to fight and wrestle on the ground, providing further opportunities for Appellant to push A1C TD in the chest.

While it is true that Appellant never specifically uttered the words "on the chest" either during his plea inquiry or in the stipulation of fact, a military judge is permitted to draw reasonable inferences from the evidence presented in support of a guilty plea, and to rely on the defense assessment of the case. *Clark*, 28 M.J. at 407. That the push was to the chest area was a reasonable inference here. Further, the military judge advised Appellant that his plea of guilty admitted that he unlawfully pushed A1C TD "on the chest." Appellant admitted that his conduct satisfied all of the elements of the offense, including pushing on the chest. Our review of the record reveals no substantial basis in law or fact to question Appellant's plea of guilty to pushing A1C TD "on the chest." *Prater*, 32 M.J. at 436. We thus find the plea provident.

### 3. Providence of Plea to Physically Controlling a Passenger Vehicle While Impaired

Appellant also alleges that his plea to the Article 111 offense was improvident because there was insufficient evidence that he physically controlled a passenger vehicle while impaired. The thrust of his argument on appeal is that his guilty plea inquiry and stipulation of fact leave open the possibility that someone else moved his vehicle and left it in the condition it was found the next morning, running with the keys in the ignition and butted up against another car.

At trial, however, Appellant admitted to all elements of the charged offense. He stated that he drove the vehicle the night before he was apprehended and parked it in the dorm lot at about 2100. He admitted that he ingested the LSD after returning to the dorm at 2100 and that he possessed the car

keys that evening and did not give them to anyone else before it was found with the engine running in the same parking lot at about 0430 the next morning. These facts were sufficient to cause Appellant to believe and admit that he physically controlled a passenger vehicle while impaired.

Based on the evidence in Appellant's guilty plea inquiry and the stipulation of fact, as well as Appellant's admission to all elements of the charged offense, there is no substantial basis to question the military judge's finding that the plea was provident.

**B. Article 55 and the Eighth Amendment**

Appellant next alleges that he was subjected to violations of Article 55, UCMJ and the Eighth Amendment of the United States Constitution while in post-trial confinement. We review allegations of cruel and unusual post-trial punishment de novo. *United States v. Lovett*, 63 M.J. 211, 215 (C.A.A.F. 2006).

Article 55 prohibits, "[p]unishment by flogging, or by branding, marking, or tattooing on the body, or any other cruel or unusual punishment." Article 55 also prohibits the "use of leg irons . . . except for the purpose of safe custody." When an appellant alleges unlawful punishment while in post-trial confinement, but such punishment is not specifically proscribed by Article 55, we undertake an Eighth Amendment approach to the alleged violation. *Id.*

Under the Eighth Amendment, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII. To establish an Eighth Amendment claim, Appellant must demonstrate: (1) an objectively, sufficiently serious act or omission resulting in the denial of necessities; (2) a culpable state of mind on the part of prison officials amounting to deliberate indifference to Appellant's health and safety; and (3) that Appellant has exhausted the prisoner-grievance system and that he has petitioned for relief under Article 138, UCMJ. *Lovett*, 63 M.J. at 215. Appellant fails to demonstrate that any of these conditions existed in his case.

Appellant alleges he was denied food during certain hours of the day, including 1600 to 0600, provided insufficient bedding, subjected to loud banging and noises from other inmates, kept in solitary confinement, and denied the ability to shower. Most of the claims were alleged to occur during a span of four days. Appellant also alleges denial of medical care, but he fails to clearly articulate from what medical condition he suffered. While some conditions Appellant cited appear to be uncomfortable, they do not rise to the level of cruel and unusual punishment under either an Article 55 or Eighth Amendment analysis. *See United States v. Avila*, 53 M.J. 99, 101 (C.A.A.F. 2000) (citing deliberate indifference to medical needs, excessive force, failure to

provide sufficient food or sanitary housing, failure to provide safety from beatings or torture).

Evidence provided by affidavits from prison officials asserts that they followed procedures and Appellant's health and safety were never in danger. Additionally, there is no evidence that prison officials harbored a culpable state of mind with regard to their handling of Appellant or that they intentionally or maliciously violated his Article 55 or Eighth Amendment rights.

Finally, with regard to the exhaustion of the prisoner grievance system and Article 138 complaints, we review this issue de novo as a mixed question of law and fact. *United States v. Wise*, 64 M.J. 468, 471 (C.A.A.F. 2007). Appellant must exhaust the prisoner grievance system except in cases of egregious conditions or conduct. *United States v. White*, 54 M.J. 469, 472 (C.A.A.F. 2001). The record before us does not evidence circumstances rising to the level of egregious conditions or conduct. Consequently, Appellant was required to exhaust the prisoner grievance system. In this case, there is no evidence that Appellant ever submitted a grievance while in confinement. Additionally, there is no evidence he ever filed an Article 138 complaint. Appellant argues that his clemency submission should be considered an Article 138 action, but that submission fails to clearly articulate Article 55 or Eighth Amendment issues and fails to establish a complete record of post-trial confinement conditions. *United States v. Towns*, 52 M.J. 830, 834 (A.F. Ct. Crim. App. 2000). Accordingly, we find Appellant's Article 55 and Eighth Amendment claims warrant no relief.

## C. The SJAR's Failure to Comment on Alleged Legal Error

We review post-trial processing issues de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). R.C.M. 1106 requires the Government to prepare an SJAR in general court-martial cases. The SJAR must include a copy of the report of the results of trial, a copy or summary of any pretrial agreement, any recommendation for clemency from the sentencing authority made in conjunction with the adjudged sentence, and the SJA's concise recommendation. Once the Government serves the accused with the SJAR, he may provide matters for the convening authority's consideration, including allegations of errors effecting the legality of the findings or sentence, portions or summaries of the record of trial, matters in mitigation, and a request for clemency. Article 60(b), UCMJ, 10 U.S.C. § 860(b); R.C.M. 1105. When an accused raises legal errors, the SJA shall provide the convening authority an opinion as to whether corrective action should be taken on the findings or sentence. R.C.M. 1106(d)(4).

Appellant's failure to timely comment on an error or omission in the SJAR waives the error "unless it is prejudicial under a plain error analysis." *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) (citing R.C.M. 1106(f) and *Kho*, 54 M.J. at 65). Under a plain error analysis, Appellant must show: (1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right. *Kho*, 54 M.J. at 65.

Appellant alleges that his clemency submission cited a legal error with respect to the conditions of his post-trial confinement. Nowhere, however, does Appellant cite any constitutional provision, code section, statute, or instruction that was violated by the conditions of his confinement. He clearly presents certain matters for the convening authority's consideration on clemency, but not in the context of a legal error. Given this, we find that there was no error in the SJA failing to specifically note a legal error in either the SJAR or addendum. Further, if there was an error, it was not plain or obvious, as Appellant failed to clearly articulate that he was alleging a legal error within his clemency submission. Finally, the SJA advised the convening authority that he must consider all matters submitted by Appellant. The convening authority certified that he considered all matters prior to taking action. Accordingly, Appellant's matters were considered in the light they were submitted, and Appellant has failed to show that there would have been any different result or that he experienced any prejudice from the SJA failing to specifically note a legal error.

**D. Sentence Severity**

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We may "affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[ ], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

Appellant faced a maximum sentence of a dishonorable discharge, eight years' confinement, total forfeiture of pay and allowances, and reduction to the grade of E-1. Appellant was convicted, pursuant to his pleas, of resisting apprehension, damaging military property, breaching the peace, wrongful use of LSD, physically controlling a motor vehicle while impaired by LSD, and assaulting a fellow Airman. These offenses, while confined to a single even-

ing, nonetheless demonstrate a very dangerous and violent situation in which fellow Airmen were forced to flee their on-base homes, Appellant assaulted a fellow Airman and repeatedly struck, kicked, and bit law enforcement personnel, damaged military property, and physically controlled a motor vehicle following his wrongful ingestion of LSD. Appellant's sentence to confinement was less than the cap he bargained for in his pretrial agreement and was only a small fraction of the maximum punishment authorized. Accordingly, we find the approved sentence of a bad-conduct discharge, four months confinement, and reduction to the grade of E-1 is not inappropriately severe.

## III. CONCLUSION

The findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court