UNITED STATES, Appellee

v.

William T. JONES III
Aviation Machinist's Mate Airman Apprentice
U.S. Navy, Appellant

No. 08-0335

Crim. App. No. 200602320

United States Court of Appeals for the Armed Forces

Argued November 2, 2010

Decided January 13, 2011

RYAN, J., delivered the opinion of the Court, in which
BAKER, ERDMANN, and STUCKY, JJ., joined. EFFRON, C.J.,
filed a separate dissenting opinion.

Counsel

For Appellant:  Captain Bow Bottomly, USMC (argued);
Lieutenant Brian D. Korn, JAGC, USN, and Captain Michael D.
Berry, USMC.

For Appellee:  Lieutenant Commander Sergio Sarkany, JAGC,
USN (argued); Brian K. Keller, Esq. (on brief); Colonel
Louis J. Puleo, USMC.

Amicus Curiae for Appellant:  Anita Aboagye-Agyeman (law
student) (argued); Robert M. Pitler, Esq. (supervising
attorney) (on brief) -- for Brooklyn Law School.


Military Judge:  Daniel E. O'Toole

THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Jones, No. 08-0335/NA

Judge RYAN delivered the opinion of the Court.

Pursuant to his pleas, Appellant was found guilty by a military judge sitting as a general court-martial for violating a lawful general regulation on divers occasions by using government computer equipment and communication systems to view pornography, and for knowingly receiving child pornography that had been transported in interstate commerce, violations of Articles 92 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 934 (2006). Appellant was sentenced to two years of confinement and a bad-conduct discharge.  The convening authority approved the sentence, suspended confinement in excess of eighteen months for twelve months, and except for the punitive discharge, ordered it executed.

The United States Navy-Marine Corps Court of Criminal Appeals (NMCCA) reviewed Appellant's case pursuant to Article 66(c), UCMJ, 10 U.S.C. § 866 (2006), and affirmed Appellant's conviction.  United States v. Jones, No. NMCCA 200602320, 2007 CCA LEXIS 627 (N-M. Ct. Crim. App. Dec. 12, 2007) (per curiam).

On September 4, 2008, we granted Appellant's petition on the following modified issue:

> WHETHER THE MILITARY JUDGE ERRED BY DENYING
> APPELLANT THE OPPORTUNITY TO REVIEW THE EVIDENCE

United States v. Jones, No. 08-0335/NA

    BEFORE HE PLED GUILTY AND WHETHER, IN LIGHT OF
    THAT DENIAL, APPELLANT'S PLEA WAS PROVIDENT.

United States v. Jones, 67 M.J. 36 (C.A.A.F. 2008) (order

granting review).

    We returned the record of trial to the Judge Advocate

General of the Navy for remand to the lower court for a new

review and consideration of the modified issue under

Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2006).  On October

27, 2009, the NMCCA affirmed the findings and sentence.

United States v. Jones, No. NMCCA 200602320, 2009 CCA LEXIS

356, 2009 WL 3435920 (N-M. Ct. Crim. App. Oct. 27, 2009).

Appellant filed a petition and a supplement with this Court

on December 22, 2009.  On April 23, 2010, we granted review

of the following issues:

    WHETHER THE MILITARY JUDGE VIOLATED APPELLANT'S RIGHTS
    UNDER THE SIXTH AMENDMENT AND RULE FOR COURTS-MARTIAL
    701 BY DENYING APPELLANT THE OPPORTUNITY TO REVIEW THE
    EVIDENCE BEFORE HE PLED GUILTY.

    WHETHER THE MILITARY JUDGE ERRED BY DENYING APPELLANT
    THE OPPORTUNITY TO REVIEW THE EVIDENCE BEFORE HE PLED
    GUILTY AND APPELLANT'S PLEA WAS THEREFORE IMPROVIDENT.

United States v. Jones, 69 M.J. 89 (C.A.A.F. 2010) (order

granting review).[1]

---

[1] We heard oral argument in this case at Brooklyn Law
School, New York, New York, as part of the Court's "Project
Outreach."  This practice was developed as a public
awareness program to demonstrate the operation of a federal
court of appeals and the military justice system.

We conclude that the denial of the requests to review evidence under the circumstances of this case did not violate the Sixth Amendment because Appellant did not seek to review the evidence to prepare a defense, and that Appellant's unconditional guilty plea waived appellate review of the denial of his discovery requests under Rule for Courts-Martial (R.C.M.) 701. And we agree with the NMCCA that, considering the stipulation of fact in conjunction with Appellant's providence inquiry, there was no substantial basis in law or fact for the military judge to reject Appellant's guilty plea in this case. Jones, 2009 CCA LEXIS 356, at *21, 2009 WL 3435920, at *7.

I.

The Naval Criminal Investigative Service (NCIS) uncovered that Appellant was using several government computers at various work spaces to search, access, and download child pornography, both pictures and movies. As relevant to the granted issues, Appellant was charged with knowingly "receiv[ing] child pornography that had been transported in interstate or foreign commerce" in violation of Article 134, UCMJ. On April 6, 2006, Appellant signed a pretrial agreement, where he agreed, inter alia, to enter unconditional pleas of guilty to a military judge sitting as a general court-martial, and to enter into a stipulation

4

of fact that "describes the facts and circumstances surrounding the offenses to which I am pleading guilty." On April 10, 2006, the day before trial, Appellant signed the stipulation of fact. In the stipulation, Appellant admitted to using government computers to search for, view, and download child pornography. While he did not recall the exact number of images he received or possessed, he stipulated that fifteen images recovered from work laptops he used depicted images of children posing in such a way to expose their genitals or "performing a sexual act with an adult." Additionally, the stipulation referenced and appended two attachments, which included printed copies of pictures of child pornography stored under Appellant's profile on the government computer as well as a copy of a digital-format movie depicting child pornography "received and possessed in the same manner."

That same day, counsel met with the military judge for a conference pursuant to R.C.M. 802. At the conference, counsel told the military judge that they had arranged for Appellant to review the Government's evidence of child pornography prior to the start of trial. That review was prohibited by the military judge.[2]

---

[2] According to Appellant's clemency request, the military judge stated that Appellant would not be permitted to view

Trial commenced the next day, April 11, 2006. Appellant entered pleas of guilty in accordance with the pretrial agreement. The military judge explained the elements of the Article 134, UCMJ, offense to Appellant, who acknowledged that he understood each element and that they were an accurate description of what he did. As the providence inquiry progressed, Appellant had difficulty providing specific details regarding the child pornography taken from his computer. However, Appellant never denied that he in fact sought, received, and viewed child pornography from sites on the Internet. In the afternoon, the military judge noted that the accused was having a "difficult time . . . maintaining composure" and was losing his focus during the providence inquiry, so the military judge recessed until the following day.

Prior to resuming the providence inquiry on April 12, 2006, counsel and the military judge held another R.C.M. 802 conference. During the conference, defense counsel asked that Appellant be allowed to review the child pornography evidence held by NCIS to assist him in

---

the images. When pressed for a reason, the military judge explained only that "it is what [it] is." The Government does not dispute this version of events, but it would be better practice if the substance of the R.C.M. 802 conference had been placed on the record at the next Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2006), session.

answering the military judge's questions. The military judge denied the request. The substance of this R.C.M. 802 conference was placed on the record when court resumed, and defense counsel argued that "the accused has the right to view the evidence against him in this case, specifically the images of pornographic material" and that it was important that Appellant see the evidence because he is "unable to give exact specific details as requested by the court."

The military judge once again denied the request, responding as follows:

> The issue is do we stop in the middle of this providency inquiry in the face of guilty pleas in [sic] the stipulation of fact to adjourn the court and allow him to go back and review these materials. It's my view having proceeded as far as we had through providency that it's clear to me that reviewing these images is not going to resolve the issues that your client was having yesterday. He broke down repeatedly, was reluctant to use specific language in describing what he clearly knows about these offenses and those kinds of reluctances and even -- well those kinds of issues are not going to be resolved by going back and looking at these images. They are going to be resolved by doing what I did and that is taking a break, allowing him to recover his composure, review with you the requirements of a provident plea . . . . So your request is denied.

Defense counsel then stated for the record that Appellant's initial request to review the images was made during the pretrial R.C.M. 802 conference. The military

7

judge responded with the following statement on the record:

> Yes, Yes it was and my inclination was the same then. That it was not necessary for these proceedings at the point at which the proceedings were. That I think that issue is off the mark procedurally in terms of the timeliness with which it was raised and context in which it was raised. That's not to say under other circumstances that might not be a proper exercise of an accused's right, but as it's been raised in this case, it is untimely and improper.

Notwithstanding the denial, Appellant chose to proceed with his guilty pleas and the providence inquiry continued. At that point, Appellant began to use, and at times, read off "word-for-word" from, a document created by defense counsel containing descriptions of the images recovered from the computers. Specifically, this document included an "estimated age" column and an "acts committed" column, which helped Appellant to provide answers to the military judge's questions regarding the specifics of the child pornography at issue. Appellant, relying on the stipulation of fact, his own recollection, representations made by NCIS about the evidence, and this document, provided a factual basis to support his pleas of guilty. The military judge accepted Appellant's pleas and Appellant retained the benefit of his pretrial agreement.

II.

We consider, first, whether the military judge erred in denying Appellant's requests to view evidence before and during the providence hearing; and second, whether Appellant's plea was provident in light of that denial.

A.

Appellant first argues that the military judge violated his Sixth Amendment right to "make a defense," by refusing his request to review the government's evidence of child pornography against him prior to and during his providence inquiry. We agree with the NMCCA that this argument is "without merit." Jones, 2009 CCA LEXIS 356, at *8, 2009 WL 3435920, at *3.

Appellant retained at all times the right to withdraw from the pretrial agreement, plead not guilty, and require the Government to prove the offenses against him. Further, we agree with the NMCCA that "the procedural posture of the case at the time the military judge denied the appellant's request negates any inference that the decision to deny review of the evidence interfered with the appellant's ability to prepare a defense." Jones, 2009 CCA LEXIS 356, at *10-*11, 2009 WL 3435920, at *4. Appellant sought to review the evidence of child pornography to assist him in pleading guilty, and not to assist him in his defense.

9

Appellant also argues that the military judge violated his rights under Article 46, UCMJ, 10 U.S.C. § 846 (2006), and R.C.M. 701 regarding defense access to and inspection of evidence.  Article 46, UCMJ, requires that "[t]he trial counsel, the defense counsel, and the court-martial . . . have equal opportunity to obtain witnesses and other evidence in accordance with such regulations as the President may prescribe."  Article 46, UCMJ, is implemented through R.C.M. 701.  R.C.M. 701(a)(2)(A) ("After service of charges, upon request of the defense, the Government shall permit the defense to inspect . . . [a]ny books, papers, documents, photographs . . . which are within the possession, custody, or control of military authorities, and which . . . were obtained from or belong to the accused . . . .").  We review a military judge's ruling on a discovery request for an abuse of discretion.  United States v. Morris, 52 M.J. 193, 198 (C.A.A.F. 1999).

"The military judge may . . . specify the time, place, and manner of making discovery and may prescribe such terms and conditions as are just."  R.C.M. 701(g)(1).[3]  See also

---

[3] While a military judge may prescribe the time, place and manner in which discovery by the defense will take place, R.C.M. 701(g)(1), absent a "sufficient showing," it may not be denied entirely.  R.C.M. 701(g)(2).  Appellant does not suggest that the defense was denied the opportunity to review the evidence.

United States v. Abrams, 50 M.J. 361, 363 (C.A.A.F. 1999) (noting that "'[t]he military judge may at any time order that the discovery or inspection be denied, restricted, or deferred, or make such other order as is appropriate'"). Thus, it could be within the military judge's discretion to deny a mid-providence request to stop the trial for an accused to review evidence.

In this case however, the military judge did not just deny a defense request in the midst of the providence proceedings -- he prohibited a pretrial review of the evidence by the accused to which both the Government and the defense had agreed. There is no argument that the scheduled pretrial review would have interfered in the trial proceedings. Under the circumstances of this case, prohibiting a pretrial review of evidence to which both parties had agreed on the scant rationale that "it is what it is" constituted an abuse of discretion.

However, there is no suggestion that the defense counsel did not have full access to the evidence in question, which is what R.C.M. 701 requires. Moreover, Appellant was well aware that he could not personally review the child pornography prior to or during his providence inquiry, yet did not elect to withdraw from the pretrial agreement or withdraw his pleas of guilty.

Instead, he entered unconditional pleas of guilty.  Nor does he claim, even now, that he received ineffective assistance of counsel or that reviewing the evidence would have caused him to enter a plea of not guilty and contest the charges.

Instead, Appellant argues that "[w]ithout knowledge of what was contained in the fifteen images [of child pornography] . . . [he] cannot attest to whether these were, in fact, the images that he had received or whether they were child pornography as defined by the law."  Brief of Appellant at 27, United States v. Jones, No. 08-0335 (C.A.A.F. June 8, 2010).  This argument both ignores the detailed stipulation of fact and addresses the factual issue of his guilt, i.e., whether the images in the Government's possession were the ones Appellant accessed or possessed and whether the images were in fact child pornography.

An unconditional guilty plea "which results in a finding of guilty waives any objection, whether or not previously raised, insofar as the objection relates to the factual issue of guilt of the offense(s) to which the plea was made."  R.C.M. 910(j).  As we recently explained in United States v. Schweitzer, 68 M.J. 133, 136 (C.A.A.F. 2009):  "'[t]he point . . . is that a counseled plea of

12

guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case'" (quoting Menna v. New York, 423 U.S. 61, 62 n.2 (1975)).  An unconditional guilty plea generally waives all pretrial and trial defects that are not jurisdictional or a deprivation of due process of law.  Schweitzer, 68 M.J. at 136 (citations omitted).  Under the facts of this case, where the denial neither implicated due process rights nor resulted in the loss of Appellant's pretrial agreement, Appellant's unconditional guilty plea waived the issues related to the military judge's denial of his pretrial and mid-providence requests to view child pornography.

B.

There remains the question whether Appellant's plea was provident.  Appellant argues that his providence inquiry provided an insufficient factual basis for the military judge to accept his plea of guilty to receiving child pornography.  We disagree.

"During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." United States v. Inabinette, 66 M.J. 320, 321-22 (C.A.A.F. 2008).  In determining whether a guilty plea is provident,

the military judge may consider "'the facts contained in the stipulation [of fact] along with the inquiry of appellant on the record.'"  United States v. Sweet, 42 M.J. 183, 185 (C.A.A.F. 1995) (quoting United States v. Sweet, 38 M.J. 583, 587 (N-M. Ct. Crim. App. 1993) (en banc)).  We review a military judge's decision to accept a guilty plea for an abuse of discretion.  United States v. Eberle, 44 M.J. 374, 375 (C.A.A.F. 1996).

A valid guilty plea requires Appellant to admit his guilt and articulate those facts that objectively establish his guilt.  United States v. Davenport, 9 M.J. 364, 366-67 (C.M.A. 1980).  As the Discussion in R.C.M. 910(e) states, an accused "must be convinced of, and able to describe all the facts necessary to establish guilt."  If an accused is personally convinced of his guilt based upon an assessment of the government's evidence, his inability to recall the specific facts underlying his offense without assistance does not preclude his guilty plea from being provident.  United States v. Moglia, 3 M.J. 216, 218 (C.M.A. 1977).  A fortiori, reliance on information provided in the stipulation of fact or by defense counsel does not raise a substantial basis in law or fact to question the plea.  See United States v. Luebs, 20 C.M.A. 475, 476, 43 C.M.R. 315, 316 (1971) (holding that the accused may rely on a

14

stipulation of fact and defense counsel's advice "rather than independent recollection" of the facts underlying the offense charged during the providence inquiry).

Appellant challenges the providence of his plea only with respect to the charged violation of Article 134, UCMJ, receiving child pornography in violation of 18 U.S.C. § 2252A.  The military judge was permitted to consider the stipulation of fact when assessing the providence of Appellant's guilty plea.  Sweet, 42 M.J. at 185 (upholding the providence of a guilty plea where the military judge relied primarily upon the stipulation of fact to determine factual sufficiency of the appellant's plea).  The detailed stipulation of fact described how Appellant searched for, accessed, viewed, and saved the pornographic images, why he believed the images depicted children, ranging from ten to seventeen, some in "lascivious poses," and some of which included "girls performing a sexual act with an adult."

Further, during the providence inquiry, Appellant testified that:  (1) he had read the stipulation, (2) discussed the stipulation with defense counsel, (3) understood everything in the stipulation, (4) provided the information in the stipulation, and (5) that everything contained in the stipulation was the truth.  While Appellant admitted his guilt and made no statements

15

inconsistent with his plea, at different times he did display either difficulty in remembering -- or reluctance in relaying -- the specific details of the child pornography that he received, particularly with respect to the movie clip appended to the stipulation of fact.

Thus, on the first day, Appellant was unclear as to both the specifics of which images of child pornography he downloaded and the particular acts portrayed in the child pornography -- but nonetheless elected to plead guilty. When the providence inquiry resumed on the second day, he provided sufficient detail, aided by the stipulation of fact and the sheet prepared by his defense counsel based on the defense counsel's examination of the pictures and video appended to the stipulation, to provide a factual basis for his guilty pleas.[4] See Luebs, 20 C.M.A. at 476, 43 C.M.R. at 316.

In sum, Appellant's statements during the providence inquiry were consistent with the stipulation of fact, raised no matters inconsistent with his guilty pleas, demonstrated that he "was convinced of his guilt, and he

---

[4] As the NMCCA correctly noted, even now Appellant does not "deny that he did, in fact, receive child pornography, nor does he suggest that the images he viewed were 'virtual' images, nor did he negate his statement at trial . . . that he 'accessed the internet, Yahoo, Google' and then typed in '[p]reteen pictures, anything of that nature.'" Jones, 2009 CCA LEXIS 356, at *19, 2009 WL 3435920, at *6.

was able to describe all the facts necessary to establish guilt, including adequate descriptions of the pornographic images at issue." Jones, 2009 CCA LEXIS 356, at *21, 2009 WL 3435920, at *7.  This procedure does not raise a substantial question of law or fact as to Appellant's guilty plea.

### III.

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.

United States v. Jones, No. 08-0335/NA

    EFFRON, Chief Judge (dissenting):

    I agree with the majority that the military judge erred by prohibiting Appellant's pretrial review of the evidence.  For the reasons set forth below, I respectfully disagree with the majority's conclusion that the errors by the military judge did not affect the providence of Appellant's pleas.

1.  The pretrial agreement, the stipulation, and the plea inquiry

    Prior to the commencement of trial, Appellant entered into a pretrial agreement in which he agreed to enter unconditional guilty pleas to one specification of knowingly receiving child pornography in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006), and to one specification of violating a lawful general order by wrongfully using a government computer to view child pornography, in violation of Article 92, UCMJ, 10 U.S.C. § 892 (2006).  He also entered into a stipulation of fact in which he admitted viewing child pornography and provided general descriptions of the images that he viewed.

    During the initial providence inquiry, Appellant encountered difficulty in describing the child pornography that the Government identified as being taken from his computer.  After struggling with Appellant's answers to his questions, the military judge noted for the record that Appellant was having a

"difficult time . . . maintaining composure" and recessed the court for the evening.

When the court-martial reconvened the next morning, the military judge noted that he had held an off-the-record conference under Rule for Courts-Martial (R.C.M.) 802, and provided the following summary for the record:  "Defense . . . asked during that 802 for leave of the court to have the accused go back and review the images of pornography for which he is pleading guilty.  My inclination at that time was not to allow that."  At that point, the defense made a request on the record for the accused to have an opportunity to review the images referred to in the charged offense.  The defense noted that Appellant had been unable to give specific details about the images during the providence inquiry, and further asserted that Appellant had a right to review the evidence against him.

The military judge denied the request on the record, stating that he did not want to stop the proceedings in the middle of the providence inquiry to allow Appellant to review the materials.  He added that "it's clear to me that reviewing these images is not going to resolve the issues that your client was having yesterday."

Defense counsel then referred to consideration of the same matter at an earlier session under R.C.M. 802, held prior to trial.  Up to that point, the record contained no previous

2

mention of consideration of that matter at a pretrial session under R.C.M. 802.

Defense counsel reminded the military judge that the subject of Appellant's access to the images at issue in the charges against him "was discussed in an 802 on 10 April, originally, prior to the trial commencing."  The military judge agreed that the subject had been discussed, but disagreed as to the right of Appellant to view the evidence at issue prior to trial or later during the providence inquiry, stating:  "Yes, Yes it was and my inclination was the same then.  That it was not necessary for these proceedings at the point at which the proceedings were."  He added:

> I think that issue is off the mark procedurally in
> terms of the timeliness with which it was raised and
> context in which it was raised.  That's not to say
> under other circumstances that might not be a proper
> exercise of an accused's right, but as it's been
> raised in this case, it is untimely and improper.

The providence inquiry then proceeded.  The military judge concluded that the plea inquiry and the stipulation of fact demonstrated the providence of Appellant's pleas.

2.  Post-trial submissions

Appellant's post-trial clemency submission to the convening authority discussed circumstances in which he had been denied access to the evidence against him.  The submission noted that "Government Trial Counsel and Defense Counsel had arranged a

time and location for [Appellant] to view the evidence. This was common practice by both Trial and Defense Counsel."

The clemency request noted that denial of access to the evidence resulted not from actions by the prosecution, but by a ruling from the pretrial actions of the military judge during the off-the-record session under R.C.M. 802:

> During a conference with the Military Judge under R.C.M. 802 on 10 April 2006, Trial Counsel mentioned to the Military Judge the specifics of the planned review of evidence. At that time, the Military Judge stated that [Appellant] would not be permitted to view the images. Defense counsel stated that it was common procedure and was [Appellant's] right to view the evidence. The Military Judge again stated that [Appellant] would not be permitted to view the images.

The clemency request further noted:

> Defense Counsel pressed the Military Judge for clarification on whether the statement to bar [Appellant] from viewing the information was a lawful order or an order by the court. The Military Judge stated that it is what is and that [Appellant] will not view the images. At no time did Trial counsel raise an objection to viewing of the images by [Appellant]. However, Trial Counsel was equally confused by the Military Judge's statement and/or order.

The clemency request also discussed the mid-providence R.C.M. 802 conferences, stating that there was a conference on the first day of trial in which defense counsel again requested that Appellant be allowed to view the evidence, which the military judge denied. There was an additional R.C.M. 802 conference the next morning before trial resumed, in which the

4

military judge again stated that Appellant would not be permitted to review the images and did not give further explanation despite defense counsel's request for clarification.

In a post-trial declaration, Appellant stated that he signed the stipulation of fact without reviewing the images at issue in the charges, and that he had only a vague recollection as to the contents of the images. He further stated that during the second day of the providence inquiry, he had relied upon a document prepared by defense counsel. The document contained descriptions of the images at issue, including the estimated ages of the individuals in the pictures and the acts depicted in each picture. According to Appellant, he read from that document, "often word-for-word" in answering the military judge's questions on the second day of the providence hearing.

3. The limited authority for off-the-record discussions

By statute, the proceedings of general and special courts-martial, including those sessions conducted outside the presence of the members by a military judge, must be held in the presence of the accused, defense counsel, and trial counsel, and shall be part of the record. Article 39(b), UCMJ, 10 U.S.C. § 839(b) (2006). These requirements represent more than mere technical formalities. In the military justice system, significant constitutional rights are applied in a manner that differs substantially from civilian criminal proceedings. In that

context, the emphasis in the UCMJ on participation, presence, and transparency represent critical military justice values.

In 1984, the President promulgated R.C.M. 802 in the <u>Manual for Courts-Martial</u>, which was designed to facilitate the out-of-court discussions between counsel and military judges necessary to the day-to-day management of courts-martial in a manner consistent with the UCMJ. R.C.M. 802 contains limited authority for off-the-record conferences between the military judge and the parties. Conferences under R.C.M. 802 need not be recorded verbatim, but the "matters agreed upon at a conference shall be included in the record orally or in writing." R.C.M. 802(b). Substantive rulings may be issued at such conferences only with the consent of the parties and only if the consent is on the record. R.C.M. 802(a) Discussion. The accused is neither required nor prohibited from attending R.C.M. 802 conferences. R.C.M. 802(d). The record in the present case reflects use of a session under R.C.M. 802, at which he was not present, to address substantial issues adversely affecting Appellant's rights without setting forth consent of the parties on the record.

4. <u>Waiver</u>

The majority concludes that Appellant's guilty plea waived any issues related to the military judge's denial of his requests to review the evidence against him. I respectfully

disagree in the context of the improper use of off-the-record proceedings under R.C.M. 802. The military judge made a critical ruling off-the-record and outside the presence of the accused. The ruling denied Appellant access to evidence central to the charges against him. The military judge offered little explanation for his rulings either on or off the record.

An unscripted statement of the factual circumstances supporting a plea of guilty provides one of the critical pillars of the plea colloquy in the military justice system under United States v. Care, 18 C.M.A. 535, 40 C.M.R. 247 (1969). At the initial providence inquiry, the accused was unable to provide clear answers to the military judge supporting the plea in the absence of personal access to the evidence against him during the initial colloquy. In the subsequent inquiry, his responses came not from a review of the evidence against him, but from reference to a document prepared by counsel. Under the circumstances of this case, the record does not reflect a knowing, voluntary, and intelligent waiver of his right to a complete plea inquiry and colloquy, rendering the plea improvident.