# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.A. FISCHER, D.C. KING**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**TYREL M. CAIN**
**SERGEANT (E-5), U.S. MARINE CORPS**

**NMCCA 201300392**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged**: 17 June 2013.
**Military Judge**: Col James K. Carberry, USMC.
**Convening Authority**: Commanding General, 3d Marine Division (-)(Rein), Okinawa, Japan.
**Staff Judge Advocate's Recommendation**: Maj K.T. Carlisle, USMC.
**For Appellant**: CDR Suzanne M. Lachelier, JAGC, USN.
**For Appellee**: Maj David N. Roberts, USMC; LT Ian D. MacLean, JAGC, USN.

**11 September 2014**

---------------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of wrongfully distributing cocaine on divers occasions, wrongfully using cocaine on divers occasions, and wrongfully introducing cocaine onto an installation with intent to distribute on divers occasions, in violation of Article 112a, Uniform Code of

Military Justice, 10 U.S.C. § 912a.  The military judge sentenced the appellant to confinement for twenty months, forfeiture of all pay and allowances, reduction to pay grade E-1, and a dishonorable discharge.  The convening authority (CA) approved the sentence as adjudged and, pursuant to a pretrial agreement (PTA), suspended all confinement in excess of sixteen months for the period of confinement served plus six months thereafter.  Additionally, pursuant to the PTA, the CA deferred and then waived for a period of six months from the date of the CA's action all automatic forfeitures, provided a dependent's allotment was established.

The appellant's sole assignment of error is that the record of trial is incomplete because it did not include sealed evidence relating to the seizure of the appellant's vehicle, the legal basis for the Government's withholding of such evidence, the grounds for the military judge's *in camera* review of such evidence, or a waiver from the appellant of his due process right to review of such evidence.  On 15 April 2014, after receipt of the appellant's brief and assignment of error, we granted the Government's motion to attach the sealed materials in question to the record.

Having carefully considered the record of trial and the submissions of the parties, we are convinced that the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant occurred.[1]

### Factual Summary

On 24 January 2013, law enforcement agents of the Drug Enforcement Agency (DEA) arrested the appellant and seized his car after surveillance observed the appellant purchasing cocaine.  Seizure of the appellant's car led to discovery of 3.5 grams of cocaine and a rolled dollar bill,[2] which supported subsequent cocaine-related charges.

At a RULE FOR COURTS-MARTIAL 802, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), pretrial conference, trial counsel submitted a bench brief to the military judge requesting that reports relating to the DEA's seizure of the appellant's car be sealed.[3]

---

[1] Arts. 59(a) and 66(c), UCMJ.

[2] Record at 62-63.

[3] *Id.* at 8.

Trial counsel argued such documents might reveal sensitive DEA procedures or expose a confidential informant. Without objection from defense counsel, the Government submitted these reports to the military judge for an *in camera* review. Following his review, the military judge determined that the documents should be sealed and thusly summarized for the record:

> MJ: I found that there was nothing in the materials that was extenuating or mitigating that would enure to the benefit of the accused, and I granted the sealing of these documents. Is that accurate?
> DC: Yes, sir.
>
> MJ: I further inquired with [defense counsel] whether or not he had any objection. And, [defense counsel], you indicated that you had not. Is that still the case?
> DC: Yes, Your Honor. It is.
>
> MJ: Very well. I'll note that there's nothing particularly -- there's nothing aggravating about this material as well. And it will not be a factor in my determination of the appropriate sentence in this case. Very Well.
> ATC: Yes, sir.
>
> MJ: Thank you.
> DC: Yes, Your Honor.[4]

After the discovery ruling, the appellant pled guilty to Charge I and all three specifications thereunder.

**Analysis**

At trial the appellant pled guilty unconditionally and entered into a PTA with the Government. "An unconditional guilty plea generally waives all pretrial and trial defects that are not jurisdictional or a deprivation of due process of law." *United States v. Jones*, 69 M.J. 294, 299 (C.A.A.F. 2011) (citation omitted). Contrary to the appellant's assertion on appeal, an incomplete trial record does not present a jurisdictional defect. *See United States v. Gaskins*, 72 M.J. 225, 230 (C.A.A.F. 2013) (cautioning against misinterpreting dicta in *United States v. Henry*, 53 M.J. 108, 110 (C.A.A.F. 2000) and supporting the proposition that an incomplete trial

---

[4] *Id.* at 9.

record is not a jurisdictional defect); *see also United States v. Ballan*, 71 M.J. 28, 32 (C.A.A.F. 2012). Thus, we review whether the military judge's decision to seal the DEA reports without defense review deprived the appellant of due process.

The procedural posture of the case at the time the military judge granted the Government's request to seal the documents negates any inference that the decision interfered with the appellant's due process right to prepare a defense. The military judge summarized his decision for the record immediately prior to the entry of pleas. At the time it was clear the appellant had elected to enter into a PTA with the Government. The trial defense counsel expressly stated that he did not object to sealing the documents and the appellant then entered an unconditional guilty plea. The military judge found nothing aggravating, extenuating, or mitigating in the material and stated it would not factor into his sentence determination. Upon our review of the record, including the sealed materials, we are convinced the military judge's ruling did not infringe upon the appellant's due process rights. The Government's action to attach the sealed materials to the record moots the appellant's argument regarding completeness of the record. Moreover, the appellant's unconditional guilty plea at trial waives appellate review of any error relating to the military judge's *in camera* review of the documents.

## Conclusion

The findings and the sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

4