# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant PATRICK L. CLARK**
**United States Army, Appellant**

ARMY 20160121

Headquarters, 19th Expeditionary Sustainment Command
Tiernan P. Dolan, Military Judge
Lieutenant Colonel Jeremy W. Robinson, Staff Judge Advocate

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Timothy G. Burroughs, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Melissa Dasgupta Smith, JA; Captain Jennifer A. Donahue, JA (on brief).

25 April 2017

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WOLFE, Judge:

In this appeal, we visit the question of whether appellant waived a claim of an unreasonable multiplication of charges by virtue of his unconditional guilty plea. Findings no error, we resolve this issue against the appellant.

## BACKGROUND

After a night of heavy drinking at a club near Camp Henry, Korea, Staff Sergeant (SSG) TC was grossly drunk. After repeatedly falling down, a friend hailed her a cab to take her back to base. The friend placed her in the cab. Appellant joined SSG TC in the cab. Appellant and SSG TC had previously met but had no prior dating or other relationship.

In her drunken state SSG TC was unable to communicate to the gate guards, was unable to walk, and could not stand on her own. Once on base and out of the

cab, appellant propped SSG TC against a guard rail and began rubbing her genitalia through her clothing. He then took out his penis, placed it in SSG TC's mouth, and then manually moved her head back and forth for about two minutes.

At his trial, appellant pleaded guilty to abusive sexual contact (by rubbing SSG TC's genitalia) and sexual assault (for placing his penis in SSG TC's mouth), in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2012) [hereinafter UCMJ]. The military judge, sitting as the general court-martial, sentenced appellant to a dishonorable discharge and confinement for twenty-five months. The convening authority, pursuant to a pretrial agreement, approved the dishonorable discharge and confinement for fourteen months.

## DISCUSSION

On appeal before us pursuant to Article 66, UCMJ, appellant claims the offenses of abusive sexual contact and sexual assault are unreasonably multiplied. *See generally United States v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001). Appellant argues that his guilty plea did not waive the issue of unreasonable multiplication of charges. We disagree. To provide transparency to both our reasoning and our interpretation of our superior court's case law we briefly discuss the issue.

In the instant case, appellant entered into an unconditional guilty plea. "By pleading guilty, an accused does more than admit that he did the various acts alleged in a specification; 'he is admitting guilt of a substantive crime.'" *United States v. Campbell*, 68 M.J. 217, 219 (C.A.A.F. 2009) (citing *United States v. Broce*, 488 U.S. 563, 570, (1989)). "An unconditional guilty plea generally waives all pretrial and trial defects that are not jurisdictional nor a deprivation of due process of law." *United States v. Jones*, 69 M.J. 294, 299 (C.A.A.F. 2011) (citing *United States v. Schweitzer*, 68 M.J. 133, 136 (C.A.A.F. 2009)).[1] As *Schweitzer* was decided shortly after *United States v. Gladue*, 67 M.J. 311 (C.A.A.F. 2009), the court's use of "waiver" (not "forfeiture") in *Schweitzer* was clearly intentional. Unless offenses are "facially duplicative" a guilty plea waives any claim that the offenses are unreasonably multiplied. *Schweitzer*, 68 M.J. at 136 (citing *United States v.*

---

[1] Had appellant argued at trial that the specifications were unreasonably multiplied for findings this would have been inconsistent with his plea of guilty. That is, an accused's motion to dismiss a specification would seem to create a substantial basis in law to question the providence of the accused's plea of guilty to that same specification. Put yet another way, the error assigned on appeal, if raised at trial, would have violated appellant's agreement to plead guilty to both specifications. This distinction lays bare the essential difference between a conditional guilty plea and an unconditional guilty plea. *See* Rule for Court-Martial 910(a)(2) ("Conditional pleas").

*Pauling*, 60 M.J. 91, 94 (C.A.A.F. 2004). As the offenses are not facially duplicative, we find appellant's guilty plea waived the issue of unreasonable multiplication of charges, thereby "extinguish[ing]" any error. *See Gladue*, 67 M.J. at 314.

Notwithstanding appellant's waiver, we have the unique authority to notice the issue and ignore the waiver. *See* UCMJ art. 66(c). To determine whether noticing the error is appropriate, we must first review the entire record.[2] *Schweitzer*, 68 M.J. at 139 ("the court below was required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record"). *See also United States v. Chin*, 75 M.J. 220, 223 (C.A.A.F. 2016).

After reviewing the entire record, we leave appellant's waiver intact, and therefore do not reach the substantive issue of whether the specifications are unreasonably multiplied as a matter of law.

## CONCLUSION

Finding no error, we AFFIRM the findings of guilty and the sentence.

Senior Judge MULLIGAN and Judge FEBBO concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[2] Our Article 66(c) authority has been described as an "awesome, plenary, *de novo* power of review." *United States v. Nerad*, 69 M.J. 138 (C.A.A.F. 2010) (citing *Quiroz*, 55 M.J. at 338). We are often presented with cases in which an appellant would likely have been entitled to relief for one or more issues but for the waiver or forfeiture of the issue in question. In such circumstances, the issue is not must we provide relief as a matter of law, but *should* we. Appellant's brief, as is typical, limits itself to arguing that appellant is entitled to relief as a matter of law. That is, appellant argued that the charges were unreasonably multiplied and his guilty plea did not waive the error. In cases of waived or forfeited error, or plausible waiver or forfeiture, we would often *also* benefit from hearing the parties' perspectives on whether we *should* (or should not) notice waived and forfeited error. That is, assuming that appellant is not entitled to relief as a matter of law, *should* the findings nonetheless be approved or disapproved?

3