# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, CELTNIEKS, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Chief Warrant Officer Three MICHAEL D. TROGDON**
**United States Army, Appellant**

ARMY 20160344

Headquarters, Fort Drum
S. Charles Neill, Military Judge
Lieutenant Colonel John J. Merriam, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany Chapman, JA; Major Brendan Cronin, JA; Major Daniel E. Goldman, JA (on brief).

For Appellee: Lieutenant Colonel Eric K. Stafford, JA; Major Cormac M. Smith, JA; Major Ian M. Guy, JA (on brief).

26 February 2018

-------------------------------------------------------------------
SUMMARY DISPOSITION ON RECONSIDERATION
-------------------------------------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of three specifications of sexual abuse of a child in violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b (2012 & Supp. I 2014). The military judge sentenced appellant to a dismissal and confinement for fifty-six months. The convening authority approved the sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ. Appellant originally raised two assignments of error. After considering all matters raised by appellant, we concluded his claims did not warrant relief. Accordingly, we affirmed the findings of guilty and sentence in this case. *United States v. Trogdon*, ARMY 20160344 (Army Ct. Crim. App. 8 Jan. 2018) (unpublished).

On 7 February 2018, appellant filed a motion for reconsideration. Specifically, appellant alleged reconsideration was warranted because "the Court's decision overlooked a material legal and factual matter." In the motion, appellant

correctly notes that our summary affirmance could stand for two different propositions: that there was no unreasonable multiplication of charges or that the issue was waived at trial. We granted appellant's request for reconsideration to clarify our finding that appellant waived the issue of unreasonable multiplication of charges, and we again affirm the findings of guilty and the sentence in this case.

## BACKGROUND

The government charged appellant with three specifications of committing a lewd act on a child. Appellant was arraigned on 2 May 2016; at that time he deferred pleas and all motions except one motion requesting the appointment of an expert witness. On 6 May 2016, appellant entered into a pretrial agreement (PTA) with the convening authority. The PTA does not contain any language regarding the waiver of motions. As part of the PTA, appellant agreed to plead guilty to all three specifications of The Charge and to enter into a stipulation of fact. Also on 6 May 2016, appellant and the government entered into a stipulation of fact. Paragraph 27 of the signed stipulation of fact states: "[a]lthough the accused is pleading guilty to all three Specifications of The Charge, the parties stipulate that for purposes of sentencing, Specification 1 and Specification 3 of The Charge should be merged."

On the day before trial, appellant submitted a motion for appropriate relief due to an unreasonable multiplication of charges. In the motion, appellant sought to have the court merge Specifications 1 and 3 of The Charge for sentencing. In the motion, appellant noted the distinction between an unreasonable multiplication for findings and an unreasonable multiplication for sentencing. After a discussion of the applicable law, the defense asked for the two specifications to be merged for sentencing in a paragraph with entirely bold and underlined text. In the analysis that followed, appellant applied the five factors outlined in the *United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001).[*] When discussing the first *Quiroz* factor in Paragraph 9 of the motion, appellant stated: "Whether the accused objects at trial: The Accused, through counsel, is objecting to an unreasonable multiplication of charges for findings and sentencing." However, all the rest of the analysis and argument applied the test for an unreasonable multiplication of charges to sentencing.

---

[*] The five *Quiroz* factors are: "(1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?; (2) Is each charge and specification aimed at distinctly separate criminal acts?; (3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?; (4) Does the number of charges and specifications [unreasonably] increase the appellant's punitive exposure?; and (5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?" 55 M.J. at 338 (internal quotation marks and citation omitted).

At the commencement of the trial, the military judge recapped a discussion that took place in a previous Rule for Courts-Martial 802 session. The military judge stated: "[W]e discussed the maximum punishment in this case. The parties agreed that should the accused plead guilty, pursuant to the stipulation of fact, Specifications 1 and 3 of The Charge should be merged for sentencing purposes." The military judge asked counsel if they had any additions or corrections, and both trial counsel and defense counsel had no corrections or additions.

Before entering pleas, defense counsel indicated he had one motion for appropriate relief for unreasonable multiplication of charges. Specifically, he stated: "We do not believe it's ripe at this time, but we ask to address that issue after the providence inquiry." Appellant then pleaded guilty to The Charge and its specifications.

After the providence inquiry but before findings, the military judge addressed the defenses motion.

> MJ: Based on our discussion at the R.C.M. 802 conference and what the trial counsel just said regarding the maximum punishment, it seems that both sides agree that the Court, for sentencing purposes, should merge Specifications 1 and 3 of The Charge; is that correct?
>
> DC: Yes, Your Honor.
>
> MJ: Are you requesting any other kind of remedy or just that remedy?
>
> DC: Just that remedy, Your Honor.

The military judge then granted the defense motion and merged the specifications for sentencing purposes.

## LAW AND DISCUSSION

Appellant argues that his guilty plea did not waive the issue of unreasonable multiplication of charges. We disagree.

"An unconditional guilty plea generally waives all pretrial and trial defects that are not jurisdictional nor a deprivation of due process of law." *United States v. Jones*, 69 M.J. 294, 299 (C.A.A.F. 2011) (citing *United States v. Schweitzer*, 68 M.J. 133, 136 (C.A.A.F. 2009)). Unless offenses are "facially duplicative," a guilty plea waives any claim that the offenses are unreasonably multiplied. *United States v. Craig*, 68 M.J. 399, 400 (C.A.A.F. 2010) (citing *United States v. Campbell*, 68 M.J. 217, 220 (C.A.A.F. 2009). Moreover, when an appellant intentionally waives a

known right, it is extinguished and may not be raised on appeal. *United States v. Olano*, 507 U.S. 725, 733-34 (1993).

Appellant argues that unreasonable multiplication of charges is not waived by an unconditional guilty plea and the appropriate standard is forfeiture. Even if we agreed with appellant's assertion in cases where the record is silent, the argument fails in this case. Our superior court has explained: "forfeiture is the failure to make the timely assertion of a right, [and] waiver is the intentional relinquishment or abandonment of a known right." *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) (internal quotation marks and citation omitted).

It is clear by the language in appellant's motion that he was aware of the issue of unreasonable multiplication of charges. His motion distinguished between findings and sentencing, and he specifically asked for relief only for sentencing. During trial the issue was discussed on the record two separate times. On both occasions the defense clearly sought relief based on sentencing concerns alone. When asked if he was requesting a remedy other than merger of two specifications for sentencing, defense counsel said: "Just that remedy, Your Honor." This is a clear relinquishment of a known right, the very definition of waiver.

Notwithstanding appellant's waiver, we have the authority to notice the issue and ignore the waiver. *See* UCMJ art. 66(c). To determine whether noticing the error is appropriate, we must first review the entire record. *See United States v. Chin*, 75 M.J. 220, 222 (C.A.A.F. 2016). After reviewing the record, we leave appellant's waiver intact and, therefore, do not reach the substantive issue of whether the specifications are unreasonably multiplied as a matter of law.

**CONCLUSION**

The decision of this court in this case, dated 8 January 2018, is reaffirmed and remains in effect.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4