# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and LEVIN[1]
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private First Class ABELARDO GONZALEZ**
**United States Army, Appellant**

ARMY 20170118

Headquarters, 82d Airborne Division
Deidra J. Fleming and Paul J. Cucuzzella, Military Judges
Colonel Travis L. Rogers, Staff Judge Advocate (pretrial)
Lieutenant Colonel Pia W. Rogers, Acting Staff Judge Advocate (post-trial)

For Appellant: Colonel Mary J. Bradley, JA; Captain Joshua B. Fix, JA; Captain Zachary A. Gray, JA (on brief).

For Appellee: Lieutenant Colonel Eric K. Stafford, JA; Captain Marc B. Sawyer, JA; Captain Allison L. Rowley, JA (on brief).

24 August 2018

------------------------------------
MEMORANDUM OPINION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

LEVIN, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of three specifications of abusive sexual contact in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2012 & Supp. III 2016) (UCMJ). The military judge sentenced appellant to a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

---

[1] Judge Levin decided this case while on active duty.

GONZALEZ—ARMY 20170118

This case is before us for review under Article 66, UCMJ. Appellant raises one assignment of error concerning the providence of his guilty plea, which merits discussion but not relief.[2]

## BACKGROUND

Appellant committed abusive sexual contact against three sleeping soldiers during a training exercise at Joint Readiness Training Center (JRTC), Fort Polk, Louisiana. With respect to two victims, appellant touched their penises. For the third victim, appellant touched him on the hip area.

Prior to trial, appellant entered into a pretrial agreement with the convening authority. In this agreement, appellant agreed to plead guilty to Specifications 4, 5, and 6 of The Charge, in exchange for a cap on his sentence to confinement.

At trial, the military judge advised appellant of the elements of these offenses, including that appellant must have acted with the "intent to gratify [his] sexual desires." As part of the providence inquiry, the military judge and appellant engaged in a lengthy colloquy regarding his touching of Corporal (CPL) HW, one of the victims:

> MJ: Do you believe and admit that the elements and definitions taken together correctly describe what you did?
>
> ACC: Yes, Your Honor.
>
> . . .
>
> MJ: Why did you touch him in this area?
>
> ACC: I was just curious, sir.
>
> MJ: When you say "curious," was it your intent when you did this to gratify your own sexual desires?
>
> ACC: No, sir – Yes, Your Honor.
>
> MJ: Let me ask it again. When you touched him on this occasion, was your intention at the time to somehow gratify or satisfy your own sexual desires or curiosity?

---

[2] Appellant also raises two matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), neither of which merit relief.

ACC:  Yes, Your Honor.

. . .

ACC: I guess my – the curiosity was if I did – if I liked
females or males.  I didn't know.

MJ:  So, is it fair to say that at this point in time, you were
testing your own sexual curiosities?

ACC:  Yes, Your Honor.

MJ:  And your own sexual desires?

ACC:  Yes, Your Honor.

Later, the military judge asked appellant if he believed and admitted that he touched CPL HW's penis with the intent to gratify his own sexual desires, to which appellant responded, "Yes, Your Honor."

With respect to Private (PVT) TM, a second victim, the military judge again advised appellant of the elements of the offense.  Appellant again indicated that he understood the elements and that they accurately described what he did.  However, when describing his intent, appellant said his purpose was to gratify his sexual curiosity, as he "didn't know if [he] liked men or women."  The military judge and appellant subsequently had the following exchange:

MJ:  So, is the reason that you touched [TM] on this
occasion the same reason why some [two] weeks later you
touched [CPL HW]?

ACC:  Yes, Your Honor.

MJ: Was there anything different about the two occasions
in terms of what your intention was?

ACC:  No, Your Honor.

MJ:  So, was it your intention at the time to somehow
satisfy your own sexual desire or curiosity?

ACC:  Yes, Your Honor.

While still discussing appellant's conduct with PVT TM, the military judge asked if appellant believed and admitted that he touched PVT TM's penis with the intent to gratify his sexual desires. Again, appellant responded, "Yes, Your Honor."

For the third victim, Specialist (SPC) TH, the military judge reminded appellant that one of the elements included an intent to gratify his sexual desires. Appellant admitted the elements correctly described what he did. Similar to his earlier statements, appellant stated that his intent was to gratify his own sexual desires or curiosity:

> MJ: So, your intention in touching [SPC TH] in this manner, was that similar to or the same as what your intention was moments later when you touched [PVT TM]?
>
> ACC: Yes, Your Honor.
>
> MJ: Was [your intent] similar to or same [sic] as what your intention was some [two] weeks later when you touched [CPL HW]?
>
> ACC: Yes, Your Honor.
>
> MJ: And that was to gratify your own sexual desires or curiosity?
>
> ACC: Yes, Your Honor.
>
> MJ: Was there anything different about your intent with respect to [SPC TH] than what your intent was with respect to the other two?
>
> ACC: No, Your Honor.

As he had done previously, appellant acknowledged his intent in touching SPC TH was to gratify his own sexual desires.

Following appellant's comments, and after prompting by the trial counsel, the military judge sought clarification as to why appellant believed his conduct was done with the intent to gratify his sexual desires:

> MJ: PFC Gonzalez, when you spoke of the reasons why you touched these three individuals – and I believe you said your reasons with respect to all three were the same?

ACC:  Yes, Your Honor.

MJ:  And you spoke of your sexual curiosity?

ACC:  Yes, Your Honor.

MJ:  I think what you said was that you – and I'll be paraphrasing here, but you were somehow testing your own curiosity about males and females.  Is that right?

ACC:  Yes, Your Honor.

MJ:  Was part of this curiosity to fulfill or satisfy some sort of sexual desire of yours?

. . .

ACC:  Yes, Your Honor.

MJ:  What do you mean by that?

ACC:  I mean I was curious, like, if I was in to [sic], like, male or female.  Like, to the point where, like, do I like them or not.

MJ:  And do you feel, by touching these individuals, it would address some sort of desire that you have sexually?

ACC:  Yes, Your Honor.

MJ:  Was the reason that you touched these three individuals, was it sexual in nature?

. . .

ACC:  I guess it goes back to when I was, like, 5, when I was a kid, when my uncle touched me with his penis on my back and my sister got raped.  I guess it was a little curiosity to the point where I wanted to see if I liked that – if I liked a female sexually or a male sexually.  I guess it was – Your Honor, I guess it was, like – it was just a – how do I say that?  I was curious.  I didn't know what I liked.  So, I guess that doing that, I thought I would find a way to like a female or male.

5

> MJ: So, your curiosity in this regards was somehow in an effort to address your sexual desires? Is that fair to say?
>
> ACC: Yes, Your Honor.
>
> MJ: Do you admit that on each of these three occasions you touched these individuals to gratify your sexual desires?
>
> ACC: Yes, Your Honor.

The military judge subsequently accepted appellant's guilty plea to the specifications.

## LAW AND DISCUSSION

Appellant alleges there is a substantial basis in law and fact to question the providence of his pleas of guilty to all three offenses. Specifically, appellant argues the military judge failed to establish an adequate factual predicate to support the element involving his intent to gratify his sexual desire.

We review a military judge's acceptance of an accused's guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). "In doing so, we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Id*.

In order to establish an adequate factual predicate for a guilty plea, the military judge must elicit "factual circumstances as revealed by the accused himself [that] objectively support that plea[.]" *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980). It is not enough to elicit legal conclusions; the military judge must elicit facts to support the plea of guilty. *United States v. Outhier*, 45 M.J. 326, 331 (C.A.A.F. 1996).

The record of trial must reflect not only that the elements of each offense charged have been explained to the accused, but also "make clear the basis for a determination by the military trial judge . . . whether the acts or the omissions of the accused constitute the offense or offenses to which he is pleading guilty." *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969). The fundamental requirement of a plea inquiry under *Care* and Rule for Courts-Martial (R.C.M.) 910 "involves a dialogue in which the military judge poses questions about the nature of the offense and the accused provides answers that describe his personal understanding of the criminality of his or her conduct." *United States v. Hartman*, 69 M.J. 467, 469 (C.A.A.F. 2011).

In this case, the military judge explained on numerous occasions that one of the elements involved an intent to satisfy appellant's sexual desires. For each specification, the military judge confirmed that appellant believed and admitted the elements accurately described what he did and that he specifically acted with the intent to satisfy his own sexual desires. Although appellant occasionally stated that his conduct was intended to gratify his own "sexual desires *or* curiosity," appellant ultimately clarified that he was curious about his own sexual preference, and that his actions were intended to gratify his sexual desires.[3] Appellant's motives were not inconsistent with his intentions—the former simply put the latter in context.

Based on the providence inquiry, we are convinced the military judge and appellant established a personal understanding of how appellant believed his actions met the elements of the offense. We therefore conclude there is no substantial basis in law or fact to question the providence of appellant's plea.

**CONCLUSION**

Upon consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

Senior Judge MULLIGAN and Judge FEBBO concur.

FOR THE COURT:

JOHN P. TAITT
Acting Clerk of Court

---

[3] In accordance with his pretrial agreement, appellant entered into a stipulation of fact, which ordinarily would be helpful to resolving the issue presented. *See United States v. Jones*, 69 M.J. 294, 299 (C.A.A.F. 2011). Such is not the case here, where the stipulation merely reflects that appellant "touched their penises over their sleeping bags out of sexual curiosity, and without their consent."

7