# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class STEPHEN D. BRITT**
**United States Army, Appellant**

ARMY 20190290

Headquarters, 21st Theater Sustainment Command
Christopher T. Fredrikson, Military Judge
Colonel John S. Frost, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major Kyle C. Sprague, JA; Captain Alexander N. Hess, JA (on brief and reply brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Dustin B. Myrie, JA; Major Lauryn D. Carr, JA (on brief).

17 April 2020

--------------------------------
SUMMARY DISPOSITION
--------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FLEMING, Judge:

Appellant pleaded guilty to distributing eight videos and five images of child pornography in an online chat group.[1] On appeal, appellant argues the military judge abused his discretion by accepting appellant's guilty plea to distribution of

---

[1] A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of one specification of attempted sexual abuse of a child and one specification of distributing child pornography, in violation of Articles 80 and 134, Uniform Code of Military Justice [UCMJ]; 10 U.S.C. §§ 880 and 934. The military judge sentenced appellant to a bad-conduct discharge, twenty months of confinement, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the findings and sentence as adjudged. Appellant's case is now pending review before this court pursuant to Article 66, UCMJ.

child pornography because "[t]he military judge failed to resolve whether two of the videos depicted actual minors."[2]  For the reasons set forth below, we disagree.

## BACKGROUND

During appellant's providence inquiry, the military judge explained to appellant the elements and definitions of the offenses to which he pleaded guilty.  In regards to the offense of distributing child pornography, the military judge explained that appellant's guilty plea would admit that he "knowingly and wrongfully distributed child pornography, to wit:  eight digital video files and five digital images of a minor engaging in sexually explicit conduct . . . ."  The military judge defined "child pornography" as "material that contains a visual depiction of an actual minor engaging in sexually explicit conduct."  The military judge defined "minor" and "child" to "mean any person under the age of [eighteen] years."  Appellant agreed that he understood all elements and definitions.

Next, the military judge asked appellant whether the child pornography he distributed contained visual depictions of an actual minor engaged in sexually explicit conduct.  Appellant stated that it did.  The military advised appellant that he was not guilty of distributing child pornography if he did not know the images were of actual minors engaged in sexually explicit conduct.  Appellant confirmed he knew he was distributing visual depictions of actual minors engaged in sexually explicit conduct.

After fully explaining the elements and definitions and receiving appellant's affirmation of his guilt, the military judge asked appellant to specifically describe why he was guilty.  In response, appellant explained he accepted an invitation to join the chat group "Tweenteenlove," knowing that "tweens" were generally ten to fourteen-year-old girls.  Appellant stated, "I knew the images were child pornography because the images and videos depict girls under the age of [eighteen] actually engaged in sexual acts like intercourse, masturbation, or they contained a lascivious display of the genitals of the minor girls."

The government introduced the child pornography into the record as a prosecution exhibit.  After reviewing the exhibit, the military judge re-opened the providence inquiry and directed appellant's attention to two of the videos.  The military judge asked appellant if he was convinced the females in the two videos were under the age of eighteen.  Appellant stated he was convinced they were under

---

[2] Appellant also argues one of the images does not contain a lascivious exhibition of the genitals or pubic area.  We fully and fairly considered this claim and find it merits neither discussion nor relief.

the age of eighteen and detailed why he was convinced.  The military judge then accepted appellant's guilty plea.

On appeal, appellant argues the military judge failed to resolve whether those two videos depicted actual minors.

## LAW AND DISCUSSION

We review a military judge's decision to accept a guilty plea for an abuse of discretion.  *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).  "A military judge abuses his discretion if he fails to obtain from the accused an adequate factual basis to support the plea – an area in which we afford significant deference."  *Id.*  (citing *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002)).  "[I]n reviewing a military judge's acceptance of a plea for an abuse of discretion, [w]e apply a substantial basis test:  Does the record as a whole show "a substantial basis in law for questioning the guilty plea."  *Id.*  (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)).

"If an accused sets up matter inconsistent with the plea at any time during the proceeding, the military judge must either resolve the apparent inconsistency or reject the plea."  *United States v. Moon*, 73 M.J. 382, 386 (C.A.A.F. 2014); *see also* UCMJ art. 45(a); Rule for Courts-Martial 910(h)(2).  Additionally, an accused's guilty plea must be voluntary and knowing.  *See United States v. Care*, 18 C.M.A. 535, 538-39, 40 C.M.R. 247, 250-51 (1969).  "[T]he providence of a plea is based not only on the accused's understanding of the factual history of the crime, but also an understanding of how the law relates to those facts."  *United States v. Blouin*, 74 M.J. 247, 251 (C.A.A.F. 2015) (quoting *United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008)).

Appellant argues an inconsistency was raised in appellant's guilty plea because the age of the females in two of the videos is "unclear."  We disagree that any inconsistency remains.

First, as discussed above, the military judge accurately and thoroughly explained to appellant the elements and definitions pertaining to the offense of distribution of child pornography.  The military judge made clear that the law required that the videos depict actual minors under the age of eighteen.  Appellant stated he understood all of the elements and definitions.  Second, after reviewing the videos himself, the military judge sufficiently resolved any inconsistency when he re-opened the providence inquiry, instructed appellant and his counsel to review the

two videos at issue, and then engaged in a detailed discussion with appellant regarding the age of the females.[3]

Specifically, the military judge asked appellant, "[a]re you absolutely convinced that the girls in those [videos] were under the age of [eighteen]?" Appellant stated he was convinced and explained, "[i]n both of the videos, you can see that neither of the girls have pubic hair. . . . [A]nd, in both of them, neither of them have developed breasts. . . . [A]lso, the very skinny body proportions that you can see are indicative of a younger female." Appellant also stated that he knew the girls were children because, "[y]ou can tell that they don't have razor burn or things like that. So, it's easier to distinguish that they didn't grow pubic hair." The military judge asked appellant a final time, "[a]re you absolutely convinced they were under the . . . age of [eighteen]?" Appellant replied, "[y]es, Your Honor."

In the above colloquy, the military judge adequately elicited from appellant detailed factual circumstances that objectively supported his guilty plea. *See United States v. Jones*, 69 M.J. 294, 299 (C.A.A.F. 2011) (An accused is required to articulate factual circumstances "that objectively support his guilt."). Appellant provided specific details about the females in the videos, beyond mere conclusions of law, to explain why he himself was personally convinced they were in fact actual minors. *See United States v. Outhier*, 45 M.J. 326, 331 (C.A.A.F. 1996). ("Mere conclusions of law recited by an accused are insufficient to provide a factual basis for a guilty plea."). No other inconsistency regarding the age of the females in the videos was raised during the guilty plea proceedings.

---

[3] Prior to admitting the child pornography into evidence, the military judge commendably reminded the government of this court's opinion in *United States v. Guy* and ensured the government understood it was not obligated to admit this evidence during a guilty plea. 2019 CCA LEXIS 129 (Army Ct. Crim. App. 21 Mar. 2019) (mem. op.). The government informed the military judge it was aware of *Guy* and still wanted to admit the child pornography into evidence. Once again, we remind counsel that admission of child pornography into the record during a guilty plea is not necessary. "The factual basis of the accused's plea is established by his admissions, not by physical evidence." *Id*. at *5. Additionally, counsel should be sensitive that "[c]hild pornography involves real people who are done no great service when images of their rape as a child are needlessly included in a record for strangers to review." *Id*. at *4.

Accordingly, after our thorough review of the record as a whole, to include the two videos, a substantial basis in law for questioning appellant's guilty plea does not exist.[4]

## CONCLUSION

On consideration of the entire record, we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

Senior Judge BURTON and Judge RODRIGUEZ concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[4] Even assuming two of the videos do not depict minors and one image does not depict a lascivious exhibition, as appellant argues, appellant would still stand convicted of distributing six videos and four images of child pornography and attempted sexual abuse of a child. We are familiar with the remaining offenses such that we may reliably determine what sentence would have been imposed at trial by applying the principles articulated in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986). First, dismissal of two videos and one image does not alter the allowable punishment. Second, appellant was sentenced by a military judge. Finally, the remaining offenses capture the gravamen of appellant's criminal conduct. We are confident appellant's sentence would have been at least a bad-conduct discharge, twenty months of confinement, forfeiture of all pay and allowances, and reduction to the grade of E-1.